## 62638. GODDARD v. BOOZER et al.

McMurray, Presiding Judge.

All the parties involved in this litigation (except Boozer, the receiver/garnishee) were at one time employees, officers or directors of a corporation known as Bowles, Andrews & Towne, Inc., and as such participated in the corporation's deferred compensation program, the Bowles, Andrews & Towne, Inc. Profit Sharing Plan.

The corporation filed for bankruptcy in 1971, and Russell P. Goddard, who had previously retired from the company, brought suit

against the trustees, the bank which held the trust assets, and the company to recover the lump sum payment due him as his share of the fund upon termination of his employment.

Boozer ultimately, by consent of all the parties, became the receiver of the defunct corporation profit sharing plan to marshall the assets of the trust and hold the funds pending further order of the court. The receiver was able to garner certain liquid assets, other commercial paper and also obtained a debenture maturing in 1983.

In the meantime, Goddard settled his claim against some of the defendants and obtained a default judgment against Arthur C. Eddy and Robert J. Towne.

In the receivership action a bar order was issued by the Superior Court of Fulton County with reference to a proposed distribution of the assets or proceeds obtained by the receiver although the majority of the assets of the trust would not be payable until 1983 when the debenture matured. This order required all parties to intervene by December 1, 1980, and was dated September 25, 1980. Thereafter, in an order dated January 29, 1981, the superior court entered an order of distribution and among other things referred to the litigation of Goddard wherein he obtained a judgment "against defendants Eddy and Towne in the amount of $12,883.02 (being Goddard's allocable share of the amounts contributed to the trust by the employer corporation . . .)." The superior court then found that Goddard's judgment was intended to be in lieu of his share of the trust assets, and, Goddard was not entitled to any distribution from the trust now or at any time hereafter by reason of this lawsuit and instructed the receiver to "eliminate Goddard's pro rata share of the trust assets," and to allocate all the net distributable assets of the trust to the remaining intervenor-beneficiaries in proportion to their respective shares of the amounts contributed to the trust by the employer as proposed by the receiver. The receiver was then authorized and directed to pay over and distribute the liquid assets of the trust in accordance with the receiver's plan of distribution which reflected the findings set forth in the order. However, the superior court added the following (which appears to apply to Goddard's judgment): "Each party's share of such liquid assets, as shown in said amended plan of distribution, is ready for immediate distribution and may therefore be subjected to the process of execution or garnishment or attachment against such party where applicable, even though technically still in the hands of the receiver."

The present garnishment proceedings brought in the State Court of Fulton County by Russell P. Goddard, as plaintiff, against Boozer, as garnishee, and Eddy and Towne, the defendants, then followed. The garnishee answered, inter alia, that he was holding

$5,372.29 payment due Towne as his share of the distribution of liquid assets and paid same into court. Defendants Eddy and Towne answered and traversed the plaintiff's affidavit contending it was untrue and legally insufficient, setting forth generally that the receiver was not subject to the process of garnishment under Code § 55-311; the profit sharing plan was a pension plan governed by the provisions of the Employment Retirement Income Security Act of 1974 (29 USCA § 1001, et seq.), otherwise known as ERISA, and the funds were exempt from the process of garnishment by reason of federal statutes; and further, that under Code Ann. § 46-302 (Ga. L. 1976, pp. 1608, 1614; 1980, pp. 1769, 1772) funds or benefits from a pension or retirement program are exempt from the process of garnishment. It is also observed here that Code Ann. § 46-309 (Ga. L. 1981, pp. 804, 805) exempts funds or benefits of a pension, retirement or employee benefit plan or program subject to the provisions of the Federal Employment Retirement Income Security Act of 1974, as amended (ERISA) and "shall not be subject to the process of garnishment until currently due and payable or transferable to a member of such plan or program or to a beneficiary thereof." Further, when so subject "these funds or benefits shall not be subject to the process of garnishment unless such garnishment is based upon a judgment for alimony or for child support and then shall be subject to the process of garnishment to the extent provided" in accordance with property and pensions subject to garnishment for alimony or for support of dependents.

The case came on for a hearing before the State Court of Fulton County with reference to the defendants' answer and traverse, and after consideration of evidence and argument the state court held the profit sharing plan was a qualified trust plan under the federal statutes, the distributions to the defendants are exempt from the process of garnishment, the distribution of the receiver being a distribution from the trust fund is likewise exempt from the process of garnishment and the monies deposited by the garnishee into the registry of the court constitute distributions from a qualified pension or profit sharing plan and are thus exempt from the process of garnishment and should be paid over to the defendants. The defendants' traverse was sustained, and the clerk of the court was directed to pay out to the defendants the funds deposited. Plaintiff appeals. *Held:*

It is apparent from the law as set forth above the funds are exempt from garnishment. However, we are somewhat concerned with the equitable order of distribution by the superior court which is a part of the record here whereby due to plaintiff Goddard's having obtained judgment which the court held to be in lieu of his share of

the trust assets it was held that he was not entitled to any distribution from the trust now or any time hereafter. Yet it appears from language in this order thereafter that each party's share of such liquid assets now ready for distribution "may therefore be subjected to the process of execution of garnishment or attachment against such party where applicable, even though technically still in the hands of the receiver." It would thus seem that the equitable interests of all the parties were considered by the court, and the present plaintiff was excluded from the fund but authorized to proceed by the process of "execution of garnishment or attachment" in order to collect his judgment. See in this connection the exception to the general rule as set forth in *Bugg v. Consolidated Grocery Co.,* 155 Ga. 550, 551 (118 SE 56). Be that as it may, the law which clearly establishes that such pension funds are not subject to process of garnishment cannot be disobeyed. We also observe that if the equity court intended that the judgment obtained by plaintiff could be collected by garnishment against the two defendants, it could have ordered same paid by the receiver from funds due these defendants. Thus, we affirm the state court and leave the plaintiff to any other legal remedies he might have to collect his judgment.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 5, 1981.

*Ralph B. Heath,* for appellant.
*Winifred D. Simpson, Robert C. Boozer, David H. Flint, Mary Jo Workman,* for appellees.