69603. CITIZENS BANK OF ASHBURN v. SHINGLER.
(326 SE2d 861)

SOGNIER, Judge.

Judgment debtor Martha Shingler traversed a garnishment proceeding instituted by the Citizens Bank of Ashburn against Great Southern Federal on the basis that the accounts in garnishee's possession were individual retirement accounts exempt from garnishment pursuant to OCGA § 18-4-22. The trial court sustained Shingler's traverse and Citizens Bank appeals.

The Congress, in establishing individual retirement accounts, 26 USC § 408 (a), under the umbrella of the comprehensive Employee Retirement Income Security Act of 1974 (ERISA), Pub. L. 93-406, 88 Stat. 829, provided that there was to be no alienation or assignment of benefits. 29 USC § 1056 (d) (1); see *Mallory v. Mallory,* 432 A2d 950, 952 (1981). The assignment-alienation prohibition contained in ERISA extends to involuntary assignments such as garnishments. *Commercial Mtg. Ins. v. Citizens Nat. Bank,* 526 FSupp. 510, 518 (1981). Furthermore, ERISA's assignment-alienation prohibition preempts otherwise relevant state law as it applies to claims by commercial creditors in non-bankruptcy situations against ERISA-qualified benefit plans. Id.; see also *Mallory,* supra; *Matter of Goff,* 706 F2d 574, 584 (1983). Thus federal law pre-empts OCGA § 18-4-22 and mandates a finding that the individual retirement accounts possessed by garnishee are exempt from garnishment by appellant, a commercial creditor, in this non-bankruptcy situation.

The trial court did not err by sustaining appellee's traverse to appellant's affidavit of garnishment.

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 22, 1985.

*J. Harvey Davis, C. Paul Bowden,* for appellant.

*John R. Rogers, Rob Reinhardt,* for appellee.