### 71125. MACKEY v. LANIER COLLECTION AGENCY & SERVICE, INC.
(343 SE2d 492)

BENHAM, Judge.

Appellant is the trustee of the South Atlantic ILA/Employee Vacation & Holiday Fund ("Fund") against which appellee, Lanier Collection Agency & Service, Inc. ("Lanier") instituted garnishment proceedings in the State Court of Chatham County. The Fund, established pursuant to a collective bargaining agreement, provides vacation and holiday benefits to longshoremen and others who work at several southeastern ports. After money judgments were obtained against some of the Fund's individual beneficiaries, appellee sought to garnishee their Fund benefits.

Appellant/garnishee answered complaints in the garnishment, claiming that since the judgments were not for alimony or child support, the Fund was exempt pursuant to OCGA § 18-4-22.1. Appellee traversed the answers, and a hearing was held. The trial court determined that "the legislative history of the Georgia statute evinces an intention to make the Georgia law identical to the federal law" (29 USCA § 1056 (d) (1)) which prohibits garnishment of pension plan funds but not of vacation plan funds, and ruled in favor of Lanier. We granted appellant's application for discretionary appeal to resolve the controversy.

Appellant enumerates as error the trial court's holding that OCGA § 18-4-22.1 does not exempt from garnishment vacation benefit plan funds that are subject to the federal Employee Retirement Income Security Act of 1974 ("ERISA") (29 USCA § 1001 et seq.). Appellant further cites as error the trial court's reliance on the preamble to OCGA § 18-4-22.1 to ascertain the legislature's intent; he argues that since the language of the statute itself is clear and unambiguous, resort to the preamble was unnecessary. Appellee disagrees and also contends that if the Fund is subject to ERISA and if OCGA § 18-4-22.1 is interpreted to exempt the Fund, the statute is nullified by ERISA's preemption provision, 29 USCA § 1144 (a). We preface

our resolution of these issues with an examination of some of ERISA's purposes.

1. ERISA is a comprehensive statute designed to set standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans and to promote the interests of employees and their beneficiaries in those plans. 29 USCA § 1001 (b); *Shaw v. Delta Air Lines*, 463 U. S. 85 (103 SC 2890, 77 LE2d 490, 497) (1983). ERISA defines an "employee pension benefit plan" as one that provides income deferral or retirement income, and an "employee welfare benefit plan" as any program that provides benefits for contingencies such as sickness, accident disability, death, unemployment, or vacation benefits. 29 USCA § 1002 (1); (2) (A). In *Franchise Tax Board &c. v. Constr. Laborers Vacation Trust &c.*, 463 U. S. 1 (103 SC 2841, 77 LE2d 420) (1983), the Supreme Court, although declining jurisdiction over the issue whether a vacation trust was subject to a tax levy the State of California attempted to impose against individual delinquent taxpayer/trust beneficiaries, held that the trust was "unquestionably an 'employee welfare benefit plan' within the meaning of § 3 of ERISA [29 USCA § 1002 (1)] . . . and its individual trustees are thereby subject to extensive regulation under Titles I and III of ERISA." 77 LE2d at 428. Since it appears that the Fund is of a nature and purpose similar to that which was the subject of dispute in the *Franchise Tax Board* case, we conclude that the Fund is an "employee benefit plan" within the ERISA definition and is thus subject to ERISA's provisions.

Under ERISA, pension plans are specifically protected from involuntary transfers including garnishment except for alimony and child support. 29 USCA § 1056 (d). Welfare benefit plans are omitted from that protection by 29 USCA § 1051 (1). On the other hand, the Georgia statute in question reads: "Funds or benefits of a pension, retirement or employee benefit plan or program subject to the provisions of the federal [ERISA] of 1974, as amended, shall not be subject to the process of garnishment . . . unless such garnishment is based upon a judgment for alimony or for child support. . . ." OCGA § 18-4-22.1. Therefore, the question we must answer is: Does this language clearly and unambiguously indicate that the Georgia legislature intended to protect vacation plans like the Fund from garnishment even though ERISA does not provide such protection? We conclude that the answer is "yes."

"The cardinal rule of statutory construction is to ascertain the intent of the legislature. It is equally fundamental that it is our duty to look first to the language of the statute and if the legislative intent is plain and expressed unambiguously, there is no interpretation required before the court executes its sworn duty to enforce the statute . . . Where language, rules of construction, and logic coincide the an-

swer is apparent and simple." *Atlanta Cas. Co. v. Flewellen*, 164 Ga. App. 885, 887 (300 SE2d 166) (1982), modified, 250 Ga. 709 (300 SE2d 673) (1983). Applying these standards, it is clear that the legislature intended the statute to mean what it says, i.e., that ERISA-qualified employee benefit plans are exempt from garnishment except for alimony and child support, thus granting a broader protection to vacation funds than does ERISA. If the legislature intended to make the statute section "identical to the federal law" (as the trial court concluded after referring to Georgia House Journal, Vol. II, 2758 (1981)), it could have done so by adopting the federal language or by otherwise making a statement to that effect in the body of the statute. There being no ambiguity in the statute's wording, the trial court erred in resorting to the preamble of the Act to determine legislative intent. Compare *Taylor v. Mateer & Co.*, 117 Ga. App. 565, 567 (161 SE2d 394) (1968).

2. Having determined that our state lawmakers sought to broaden the federal protection against garnishment, we must answer the question whether such action is preempted by ERISA. We conclude that the state statute is not so preempted.

The ERISA preemption provision, 29 USCA 1144 (a), states that "the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in § 1003 (a) of this title and not exempt under Section 1003 (b) of this title." The U. S. Supreme Court has interpreted the provision as being intended to cover not only state laws that are specifically designed to affect employee benefit plans, but also to eliminate the threat of conflicting or inconsistent state and local regulation of employee benefit plans, and to minimize interference with the administration of such plans. *Shaw v. Delta Air Lines*, supra, 77 LE2d at 502; 506, fn. 25. The *Shaw* court went on to rule that "New York's Human Rights Law is preempted with respect to ERISA benefit plans *only insofar as it prohibits practices that are lawful under federal law.*" Id. at 508. (Emphasis supplied.) Under the *Shaw* analysis, OCGA § 18-4-22.1 would not be preempted since it does not prohibit practices that are lawful under federal law. Compare *Citizens Bank of Ashburn v. Shingler*, 173 Ga. App. 511 (326 SE2d 861) (1985).

The Supreme Court also recognized in *Shaw* that "[s]ome state actions may affect employee benefit plans in too tenuous, remote or peripheral a manner to warrant a finding that the law 'relates to' the plan. Cf. *American Telephone & Telegraph Co. v. Merry*, 592 F2d 118, 121 (CA2 1979) (state garnishment of a spouse's pension income to enforce alimony and support orders is not pre-empted)." *Shaw v. Delta Air Lines*, supra at 503, fn. 21. The subject matter of the Georgia statute section in question (i.e., garnishment) does not "relate to"

ERISA itself; its regulatory effect is too minimal and therefore insufficient to invoke ERISA's preemption provision. *Local Union 212 IBEW &c. v. Local 212 IBEW Credit Union*, 549 FSupp. 1299, 1302 (S.D. Ohio) (1982), aff'd 735 F2d 1010 (6th Cir. 1984). "The enforcement of state court money judgments by creditors is a valid area of state concern, and is one which is totally unregulated by ERISA with respect to welfare plans. We decline to interpret ERISA to require preemption of [Georgia] laws in this area, 'in the absence of any legislative declaration that Congress intended to create an enormous regulatory vacuum in areas that traditionally have been matters of vital state concern.' [Cit.]" *Electrical Workers &c. Credit Union v. IBEW-NECA &c. Trust Fund*, 583 SW2d 154, 159 (S.Ct. Mo.) (1979).

For the reasons discussed above, we conclude that the trial court erred in determining that the Fund is subject to garnishment. See *Goddard v. Boozer*, 160 Ga. App. 303, 305 (287 SE2d 308) (1981).

*Judgment reversed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 18, 1986 —
REHEARING DENIED APRIL 1, 1986 —

*Louisa Abbot, Thomas W. Gleason, Jr., Charles R. Goldburg, Fletcher Farrington*, for appellant.

*John T. Sparkman, Jr., Ronald C. Crawford, Carl S. Pedigo, Jr.*, for appellee.