## 43435. LANIER COLLECTION AGENCY & SERVICE, INC. v. MACKEY.
## 43466. MOR-WOOD, INC. v. SAVANNAH BANK & TRUST COMPANY.
(350 SE2d 439)

HUNT, Justice.

We granted certiorari in two cases to consider the issue of federal preemption of a state garnishment law by the Employee Retirement Act of 1974 (ERISA). In the unreported case of *Mor-wood, Inc. v. Savannah Bank &c. Co.,* (Case No. 71977, decided April 7, 1986), the Court of Appeals held that an Individual Retirement Account (IRA) was not subject to garnishment under either ERISA, 29 USCA § 1001 et seq., or the Georgia law, OCGA § 18-4-22.1, while in *Mackey v. Lanier Collection Agency &c. Inc.,* 178 Ga. App. 467 (343 SE2d 492) (1986), it held that a longshoremen's employee vacation and holiday fund, although garnishable under ERISA, was not so under Georgia law. Both garnishors appeal.

OCGA § 18-4-22.1 provides: "Funds or benefits of a *pension, retirement, or employee benefit plan or program* subject to the provisions of the Federal Employees Retirement Act of 1974, as amended, shall not be subject to the process of garnishment (1) until such funds or benefits are currently due and payable or transferable to a member of such plan or program or to a beneficiary thereof and (2) unless such garnishment is based upon a judgment for alimony or child support, in which event such funds or benefits shall then be subject to the process of garnishment to the extent provided in subsection (d) of Code Section 18-4-20." (Emphasis supplied.) Thus, our state statute clearly exempts all ERISA funds and benefits from garnishment except for alimony or child support judgments.

Under ERISA provisions, "employee *pension* benefit plans" — i.e., those providing income deferral or retirement income, 29 USCA §

1002 (2) (A) — are specifically protected from garnishment except for alimony and child support. 29 USCA § 1056 (d). However, "employee *welfare* benefit plans" — i.e., those providing medical; sickness, accident and disability; death or unemployment; vacation training, day care, scholarship, or prepaid legal services benefits, 29 USCA § 1002 (1) — are not protected. 29 USCA § 1051 (1).

1. As pointed out by the Court of Appeals in *Mor-wood*, supra, both federal and state law protect a retirement plan from garnishment except for alimony and child support. *Mor-wood* seeks to reach funds in an IRA and urges us to distinguish between the corpus and the benefits in making the corpus reachable by garnishment. Both the federal and state law clearly protect these funds as well as the benefits. *Citizens Bank of Ashburn v. Shingler*, 173 Ga. App. 511 (326 SE2d 861) (1985). See *Alessi v. Raybestos-Manhattan, Inc.*, 451 U. S. 504 (68 LE2d 402, 101 SC 1895) (1981). Therefore, the Court of Appeals correctly affirmed the judgment of the trial court disallowing garnishment in Case No. 43466.

2. Case No. 43435, however, presents a more difficult proposition. Here Lanier seeks to reach its debtor's interest in a longshoremen's vacation and holiday fund, of which Mackey is the trustee. While this fund is subject to garnishment under ERISA, it is nevertheless protected by the Georgia statute.

On its face, OCGA § 18-4-22.1, quoted above, makes no distinction between types of benefit plans. It unambiguously states that "funds or benefits of a pension, retirement or employee benefit plan or program" under ERISA shall not be subject to garnishment.[1] Therefore, we must conclude that OCGA § 18-4-22.1 purports to protect such funds from garnishment (except as provided otherwise in the statute).

3. The issue then, as Lanier argues strenuously, is whether this Georgia statute is preempted by the provisions of ERISA. Indeed, 29 USCA § 1144 (a) provides that "the provisions of this subchapter [protection of employee benefit rights] . . . shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan. . . ." covered by ERISA. (Emphasis supplied.)

In *Shaw v. Delta Air Lines, Inc.*, 463 U. S. 85 (103 SC 2890, 77 LE2d 490) (1983), a unanimous United States Supreme Court studied the matter of the extent of federal preemption under this Code section. Under review were New York laws forbidding discrimination against workers unable to work due to pregnancy rather than sickness.[2] Pointing out that Congress' purpose in enacting ERISA was to

---

[1] "[E]mployee benefit plan" means both employee welfare or pension plan under ERISA. 29 USCA § 1102 (3).

[2] Under scrutiny were a section of New York's Human Rights Law, prohibiting among

establish comprehensive standards for participation and vesting and uniform rules for responsibility for and obligation of the fiduciaries of employee benefit plans, 29 USCA § 1001 (b); *Shaw v. Delta Air Lines, Inc.*, supra at 92, the Court held that ERISA's preemptive statute was intended to be broad in scope, that New York's antidiscrimination laws "relate[d] to any employee benefit plan" within the meaning of the preemptive language, and that, unless one of the exceptions applied, such state laws were preempted.[3] Thus *Shaw* teaches that a "law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." (Footnote deleted.) Id. at 98. Clearly then, OCGA § 18-4-22.1 "relates to" ERISA since it purports to regulate garnishment of ERISA funds and benefits, a matter specifically provided for under ERISA.[4]

We are not persuaded to the contrary by the argument that the Georgia act is broader than ERISA in protecting benefit plans and for that reason is not preempted. It prohibits that which the federal statute permits and is therefore in conflict with it. See *Alessi v. Raybestos-Manhattan, Inc.*, 451 U. S. 504 (101 SC 1895, 68 LE2d 402) (1981), holding that a New Jersey law prohibiting a method of computing pension benefits permitted by ERISA was preempted.

Therefore, we must conclude that the Georgia statute is preempted by federal law unless that same law provides an exception.[5]

---

other things employment discrimination on the basis of sex, and part of the state's Disability Benefits Law, requiring employers to pay sick leave benefits to employees unable to work due to pregnancy.

[3] The Court then went on to consider whether these laws were exempted from preemption under further provisions of that section. It found that one, the Disability Benefits Plan, was specifically exempted under 29 USCA § 1003 (b) (3), as a "plan . . . maintained solely for the purpose of complying with applicable workmen's compensation laws or unemployment compensation or disability laws." The other, the Human Rights Law, was not preempted only insofar as its provisions furthered Title VII because federal laws are exempted from preemption under 29 USCA § 1144 (d). But there would be no impairment of Title VII if state laws not covered by Title VII were preempted.

[4] We are not unmindful of the Supreme Court's footnote in *Shaw*, supra, that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan," but find that this is not one of those instances because the state law here is directly contrary to an ERISA provision. For an example where state policy (there, the trust pursuit rule) was held to have only a peripheral effect on ERISA policies and no preemption was found, see *Goben v. Barry*, 2387 Kan. 822 (703 P2d 1378) (1985).

[5] In holding that our garnishment law was not preempted, the Court of Appeals relied on the United States Supreme Court's analysis of the exceptions to the preemption provision in *Shaw v. Delta Air Lines, Inc.*, supra. See footnote 3 supra. Seizing upon the Supreme Court's holding at the conclusion of *Shaw*, the Court of Appeals adopted the following quotation: "New York's Human Rights Law is preempted with respect to ERISA benefit plans only insofar as it prohibits practices *that are lawful under federal law.*" (Emphasis supplied.) This reliance is misplaced. The Court's conclusion there referred to ERISA's exemption from preemption for federal laws and the interplay between state and federal enforcement of Title VII, and is not applicable here. Our state garnishment law does not fall into the federal

The only exemptions to preemption of state laws are for criminal conduct, 29 USCA § 1144 (b) (4), state tax laws, 29 USCA § 1144 (b) (5) (B) (i), and certain domestic relations orders, 29 USCA § 1144 (b) (7).[6] Such a broad preemption of state laws, as noted by the Supreme Court, reflects Congress' intention that regulation of these plans be uniform throughout the country.[7] Other courts have held accordingly. E.g., *Commercial Mortgage Ins., Inc. v. Citizens Nat. Bank of Dallas,* 526 FSupp. 510 (Tex. 1981); *First Nat. Bank of Commerce v. Latiker,* 432 S2d 293, 296 (La. 1983). But see *Electrical Workers Local No. 1 Credit Union v. IBEW-NECA Holiday Trust Fund,* 583 SW2d 154 (Mo. 1979).

Therefore, given the broad interpretation of 29 USCA § 1144 (a) by the United States Supreme Court in *Shaw v. Delta Air Lines, Inc.,* supra, and finding no exception to preemption within its provisions, we must conclude that OCGA § 18-4-22.1 insofar as it conflicts with ERISA is preempted by federal law. The Court of Appeals erred in holding that the longshoremen's holiday and vacation fund was not subject to garnishment.

*Judgment in Case No. 43466 affirmed; in Case No. 43435 reversed. All the Justices concur.*

DECIDED DECEMBER 2, 1986.

*McCorkle, Pedigo & Hunter, Carl S. Pedigo, Jr., David H. Johnson,* for appellant (case no. 43435).

*Charles R. Goldburg, Farrington & Abbot, Louisa Abbot,* for appellee.

*Ronald C. Crawford,* for appellant (case no. 43466).

*John H. MacLean, Marvin A. Fentress,* for appellee.

---

exemption of 29 USCA § 1144 (d). Even if this statement were relevant, clearly it can be said that the Georgia statute prohibits garnishment of vacation funds which is lawful under federal law.

[6] "It would have been unnecessary to exempt generally applicable state criminal statutes from preemption in [29 USCA § 1144] (b), for example, if [29 USCA § 1144] (a) applied only to state laws dealing specifically with ERISA plans." *Shaw v. Delta Air Lines, Inc.,* supra 463 U. S. at 99.

[7] While it may be argued that preemption of state garnishment laws was not necessary to this goal, the fact remains that Congress clearly intended to sweep with a wide broom.