504 So.2d 523 (1987)
George V. SMITH, Appellant,
v.
WINTER PARK SOFTWARE INC. and Robert L. Naugle, Appellees.
No. 86-1682.
District Court of Appeal of Florida, Fifth District.
March 26, 1987.
Peter N. Smith, of Gurney & Handley, P.A., Orlando, for appellant.
Douglas C. Spears, of Smathers, Pleus, Adams, Fassett & Divine, P.A., Orlando, for appellees.
ORFINGER, Judge.
The issue presented here is whether an Individual Retirement Account (IRA) is subject to a writ of garnishment by a judgment creditor. The trial court denied a motion to dissolve a writ of garnishment, and we affirm.
Winter Park Software, Inc. (Winter Park) held a judgment against appellant Smith. Determining that Smith had established an IRA with Pioneer Savings Bank, Winter Park sought to garnish the account. Smith moved to dissolve the writ of garnishment, and this appeal is taken from the non-final order denying that motion.
Smith contends that his IRA is exempt from claims of creditors under the anti-alienation provision of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq. Section 1056(d)(1) of the act provides:
Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated.
This provision has been construed as protecting pension benefits which come under the ERISA umbrella from claims of creditors under state laws. See, e.g., Tenneco, Inc. v. First Virginia Bank of Tidewater, 698 F.2d 688 (4th Cir.1983); Commercial Mortgage Insurance, Inc. v. Citizens National Bank of Dallas, 526 F. Supp. 510 (N.D.Texas 1981).
*524 Appellant relies on these cases as well as on Citizens Bank of Ashburn v. Shingler, 173 Ga. App. 511, 326 S.E.2d 861 (1985), which specifically applied the exemption of section 1056(d)(1) to Individual Retirement Accounts. As did the trial judge, we find these cases either inapplicable or unpersuasive. By its terms, ERISA applies to any "employee benefit plan." 29 U.S.C. § 1003. Section 1002 of that statute defines an employee benefit plan as
any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program 
(1) provides retirement income to employees, or
(ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond,
regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan. [Emphasis added].
Individual Retirement Accounts are not established by the employer, but rather by the individual employee.
An IRA is a savings account with tax benefits and gratuitous contributions by the [employee] rather than a plan or policy provided by an employer or other party; ... the [employee] has complete control over the account rendering no guarantee that the funds will actually be retained until retirement or disability; and ... an IRA contemplates a contractual arrangement whereby the [employee] deals directly with the depository institution rather than having the fund provided by an employer or other third party.
In re Peeler, 37 B.R. 517, 518 (Bkrtcy.M.D. Tenn. 1984).
IRA's are created under the authority of 26 U.S.C. § 408(a). There is no anti-alienation provision in that section such as is found in section 1056(d)(1) of ERISA. Section 1056(d)(1) is a subdivision of Part 2 of the statute, entitled "Coverage and Vesting," and section 1051 of that Part provides that
This part shall apply to any employee benefit plan .. . other than 
* * * * * *
(6) an individual retirement account or annuity described in section 408 of Title 26... .
29 U.S.C. § 1051. Thus, Congress clearly intended to exclude IRA's from the anti-alienation protection of section 1056(d)(1). Because there is no federal exemption for IRA's, we find no error in the trial court's order.
AFFIRMED.
COBB and SHARP, JJ., concur.