1055

Carole Vann ROWLAND, Respondent v. Russell H. STRICKLAND, Appellant.

(362 S. E. (2d) 892)

Court of Appeals

*Stephen M. Bingman,* Spartanburg, *for appellant.*

*William S. Bean,* Spartanburg, *for respondent.*

Heard Nov. 11, 1987.

Decided Nov. 30, 1987.

SANDERS, Chief Judge:

This is an appeal from an order of the Circuit Court deciding that, under applicable federal law, an Individual Retirement Account (IRA) is not exempt from levy or attachment by a judgment creditor. We affirm.

The Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461, provides: "Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1).

ERISA applies, by its terms, to "employee benefit plan[s]." 29 U.S.C. § 1003(a). An employee benefit plan is defined as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or

by an employee organization, or by both...." 29 U.S.C. § 1002(3), (1) and (2)(A). IRA's are not established or maintained by employers or employee organizations, but rather by individual employees.

IRA's are created under 26 U.S.C. § 408(a). There is no anti-alienation provision in that section such as is contained in Section 1056(d)(1) of ERISA.

Section 1056(d)(1) is a subdivision of Part 2 of the statute, entitled "Coverage and Vesting." Section 1051(6) of Part 2 provides that this part shall not apply to "an individual retirement account or annuity described in section 408...." Thus, Congress specifically excluded IRA's from the anti-alienation protection of Section 1056(d)(1).

Because no other provision of federal law exempts IRA's from alienation, we hold the Circuit Court ruled correctly. *See Smith v. Winter Park Software Inc.*, 504 So. (2d) 523 (Fla. Dist. Ct. App. 1987) (reaching the same result for the same reasons); *Bartlett Cooperative Association v. Patton*, 239 Kan. 628, 722 P. (2d) 551 (1986) (reaching the same result for essentially the same reasons, more elaborately stated).

We are aware cases decided in other states have reached a different result. *E.g., Lanier Collection Agency & Service, Inc. v. Mackey*, 256 Ga. 499, 350 S. E. (2d) 439 (1986); *Citizens Bank of Ashburn v. Shingler*, 173 Ga. App. 511, 326 S. E. (2d) 861 (1985). However, we find these cases either inapplicable or unpersuasive.

Accordingly, the order of the Circuit Court is

Affirmed.

GARDNER, J., and LITTLEJOHN, Acting Judge, concur.