231 N.J. Super. 197 (1988)
555 A.2d 55
HALLIBURTON COMPANY, PLAINTIFF,
v.
SAM MOR AND JOSEPH OFECK, DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
Decided December 23, 1988.
*198 David P. Doyle for plaintiff (Pitney, Hardin, Kipp & Szuch, attorneys).
Gabriel Kaszovitz for defendant Joseph Ofeck.
SWEEN, J.S.C.
The issue in this case is whether a judgment debtor's individual retirement account (IRA) is exempt from a judgment creditor's levy of execution to satisfy a judgment.
In 1983 plaintiff obtained a judgment against defendants, jointly and severally, for $63,134.25. The judgment has been unpaid except for $500 obtained from a levy on a bank account of one of the defendants in 1983. Plaintiff has now levied execution on an "IRA Account" of defendant Joseph Ofeck and *199 when plaintiff made an application for an order directing the bank to pay the proceeds to the sheriff to be applied to the satisfaction of plaintiff's judgment, defendant opposed the application on the grounds that the "IRA Account" was exempt from levied execution by judgment creditors under the Federal Employee Retirement Income Security Act ("ERISA").
Generally, all property of a judgment debtor is subject to levy to satisfy a judgment under the provisions of N.J.S.A. 2A:17-15 et seq. except property reserved under N.J.S.A. 2A:17-19 and property specifically exempted by state or federal legislation. New Jersey has exempted certain governmental pensions from execution. N.J.S.A. 43:13-9; N.J.S.A. 43:18-12; N.J.S.A. 43:10-18.22, 18.71, 105; N.J.S.A. 43:16-7; N.J.S.A. 43:7-13; N.J.S.A. 43:10-57; N.J.S.A. 18A:66-116; N.J.S.A. 43:14-42; N.J.S.A. 43:19-17; N.J.S.A. 43:13-37.5; and 44. The federal government has exempted certain private pensions from execution under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. § 1056(b)(1). However, neither New Jersey nor the federal government has enacted legislation which exempts all pensions or retirement benefits from execution.
Although defendant correctly asserts that ERISA exempts qualifying private pensions from execution except in family support situations such as in Ward v. Ward, 164 N.J. Super. 354 (Ch.Div. 1978) and the dicta in Northwest Airlines v. Roemer, 603 F. Supp. 7 (D.Minn. 1984) which stated, "[The] only exception to the general rule against garnishment appears to be where a debt is owed to an employee's spouse," defendant's argument presupposes that an "IRA" bank account is a qualified ERISA pension or retirement plan. Defendant relies upon the dicta in Mallory v. Mallory, 179 N.J. Super. 556 (Ch.Div. 1981) which provided:
The Congress, in establishing the IRA accounts as part of the comprehensive Employee Retirement Income Security Act (hereinafter ERISA), provided that there was to be no alienation or assignment of benefits, 29 U.S.C.A. § 1056(d)(1). [At 559.]
*200 After a careful reading of ERISA, the court respectfully disagrees with the court's finding in the Mallory case and concludes that individual retirement accounts (IRA) are not pension plans exempted from execution but are merely tax preferred savings accounts whose funds are available to the depositor upon payment of certain penalties.
IRA savings accounts do not meet the following criteria of ERISA-qualified pension or retirement plans:
1. "Pension Plan" is defined by "ERISA" as meaning
... any plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program 
(i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond ... [29 U.S.C.A. § 1002(2)(A)]
IRA's are established by individuals, not employer or employee organizations, and do not result in a deferral of income by an employee for a period extending to the termination of his or her employment or beyond. They are accounts established by individuals by contract between the individual and a third party such as a bank with a term unrelated to the individual's employment or retirement.
2. ERISA-qualified pension and retirement plans are required to contain anti-alienation provisions, 29 U.S.C.A. § 1056(d), and make a distinction between an ERISA-qualified pension plan and an individual retirement account or annuity described in section 408 of the Internal Revenue Code. 29 U.S.C.A. § 1051(6).
3. Regulations adopted by the United States Department of Labor concerning ERISA state that the term "pension plan" for purpose of Title 1 of ERISA, "shall not include an individual retirement account described in Section 408(a) of the Code...." 29 C.F.R. 25:10.3-2(d). Bartlett Cooperative Ass'n. v. Patton, 239 Kan. 628, 722 P.2d 551 (1986), recognized the distinction when it said, "Federal law specifically requires that tax-qualified employee pensions, profit sharing and stock bonus plans contain anti-alienation clause ... [Internal Revenue Code ¶ 408] contains no similar anti-alienation provision." Id. 722 P.2d at 555.
In Sheehan v. Sheehan, 90 Misc.2d 673, 395 N.Y.S.2d 596 (Sup.Ct. 1977), the court held that a judgment creditor may attach a judgment debtor's Keogh plan. Keogh plans permitted self-employed individuals to defer a portion of their income until they reached 59 1/2 years of age and permitted earlier withdrawal of funds subject to an early withdrawal penalty *201 much like present-day IRA accounts, although Keogh plans are pension plans subject to anti-assignment and anti-alienation provisions of the Internal Revenue Code and ERISA. The court noted that funds deposited in a Keogh plan are, and remain, funds of the depositor, and no other person has an interest in the Keogh funds, and that Keogh funds are not beyond the reach of judgment creditors.
In Oliver v. Manufacturer's Hanover Trust Co., 3 Employee Benefit Cas. 1970 (N.Y. Sup. Ct. 1982), the court held that IRA assets were subject to levy to satisfy a judgment.
The court finds that defendant's IRA account is subject to levy of execution to satisfy plaintiff's judgment and directs the depository bank for plaintiff's IRA account to pay the proceeds of the account to the sheriff to be applied to the satisfaction of plaintiff's judgment.