Nev H. **WILLIAMS**, Jr., Appellant,

v.

**TEXAS COMMERCE BANK–FIRST STATE, f/k/a First State Bank of El Paso, Appellee.**

No. 08–88–00273–CV.

Court of Appeals of Texas, El Paso.

Feb. 8, 1989.

Matthew Moore, El Paso, for appellant.

Cory Haugland, Steven L. Hughes, Grambling & Mounce, El Paso, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

Appellant filed a bill of review seeking to set aside an order of the trial court which provided for the liquidation of his individual retirement account and payment of the proceeds to a judgment creditor. The trial court denied the bill of review. We affirm.

Texas Commerce Bank obtained a judgment against Nev H. Williams after his default on a promissory note. The bank then obtained a writ of garnishment to collect the proceeds of an individual retirement account that Williams had with A.G. Edwards & Sons, Inc. The court on May 6, 1987, directed liquidation of the account and payment of the proceeds to the bank. About a year later, Williams filed a bill of review in which he asserted the judgment of the trial court was in violation of the I.R.C. sec. 401(a)(13) (1988), and the Tex. Prop.Code Ann. sec. 42.0021 (Vernon Supp. 1989).

The response by the bank noted pleading defects in that the bill of review did not

allege the three specific requirements for a bill of review as set forth in *Transworld Financial Services Corporation v. Briscoe*, 722 S.W.2d 407 (Tex.1987). There was no amendment filed to correct the pleading defects. At the hearing on the bill of review, apparently no evidence was offered, and no statement of facts has been filed in this appeal from the judgment denying relief.

The Appellant, in two points of error, asserts the trial court erred in ordering his individual retirement account paid to the bank because the account was exempt from involuntary garnishment by a creditor and the bill of review should have been granted because the original order violated federal law which preempted state law in the area of pension benefits.

 The law is clear, in this state, that a bill of review petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own. Id.; *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950). The second requirement has been qualified so that in cases where there has been a reliance on the erroneous official information given by an official court functionary preventing the filing of a motion for new trial, the bill of review petitioner is excused from showing the wrongful conduct, fraud or accident of the opposite party. *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979); *Gracey v. West*, 422 S.W.2d 913 (Tex.1968). In this case, there has been no pleading as to the second and third requirements and no pleading which would alleviate the Appellant from the second requirement. And, without a statement of facts, the Appellant is unable to show that any proof was offered to establish the second and third requirements. If the pleadings and proof do not meet the essential requirements for a bill of review, the relief sought must be denied. *Transworld Financial Services Corporation v. Briscoe; Farrell v. Crossland*, 706 S.W.2d 158 (Tex.App.—El Paso 1986, writ dism'd).

 The Appellant argues that because federal law preempts state law in providing protection for individual retirement accounts, that the original order of the trial court is void and may be attacked in any manner and without the necessity of meeting each of the requirements of a bill of review. Unless the judgment is void, it is not subject to collateral attack. A judgment is void only when it is shown that the court had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment nor capacity to act as a court. *Browning v. Placke*, 698 S.W.2d 362 (Tex. 1985). We conclude that the trial court had jurisdiction of the parties and of the subject matter, jurisdiction to enter the particular judgment in this case and capacity to act as a court.

 We also conclude that the IRA involved in this litigation was not exempt from collection by a creditor with a valid judgment. The following cases have all held that a judgment creditor could garnish the proceeds of an IRA and that such proceeds are not exempt under federal law. See *Bartlett Cooperative Association v. Patton*, 722 P.2d 551 (Kan.1986); *Rowland v. Strickland*, 362 S.E.2d 892 (S.C.App. 1987); *Smith v. Winter Park Software Inc.*, 504 So.2d 523 (Fla.App. 5 Dist.1987); *Long Island Jewish Hillside Medical Center v. Prendergast*, 134 Misc.2d 93, 509 N.Y.S.2d 697 (Sup.1986).

 Texas does now provide an exemption for assets held in an individual retirement account. Tex.Prop.Code Ann. sec. 42.0021 (Vernon Supp.1989). But, that act did not become effective until September 1, 1987, some four months after the trial court's order in this case. The provisions of that statute are not retroactive. *Steves & Sons, Inc. v. House of Doors, Inc.*, 749 S.W.2d 172 (Tex.App.—San Antonio 1988, writ denied). Points of Error Nos. One and Two are overruled.

 The Appellee, in its brief, requests damages for delay under the provisions of

Tex.R.App.P. 84. It is argued that under the holding in *A.T. Lowry Toyota, Inc. v. Peters,* 727 S.W.2d 307 (Tex.App.—Houston [1st Dist.] 1987, no writ), without a statement of facts in a bill of review, the outcome of an appeal is predetermined. We agree with the conclusion of the court in that case in which the bill of review sought to delay the collection of a judgment for damages. In our case, the judgment became final about one year before the bill of review was filed and by that time, the proceeds from the IRA had undoubtedly been paid to the bank and it had received all that it was entitled to under the writ of garnishment. The filing of the bill of review and this appeal did not in any way delay the bank's recovery. The failure to file a statement of facts may have resulted from ineptness in the presentation of the appeal but that alone is not sufficient to assess damages for delay in a civil case. *International Security Life Insurance Company v. Robichau,* 510 S.W.2d 132 (Tex.Civ.App.—Beaumont 1974, no writ). The request for damages is denied.

The judgment of the trial court denying relief on the bill of review is affirmed.