[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S CLAIM FOR EXEMPTION FROM EXECUTION AGAINST DEBT DUE FROM BANKING INSTITUTION. NATURAL PERSON AS DEBTOR. CGS 52-367b
The defendant in the above captioned case has filed with Prudential-Bache Securities, Inc. and with this court an exemption claim form Jd-CV-24a Rev 9-87 in which he claims by way of affidavit that his IRA account with Prudential Bache Securities 042-819611 is exempt by law from execution pursuant to 52-352a
(M) of the General Statutes.
Section 52-352a(M) states [that] the following property of any natural person shall be exempt.
"Payments secured by the exemptioner under a profit-sharing, pension, stock bonus annuity or similar plan which is established for the primary purpose of providing benefits upon retirement by reason of age, health, or length of service and which is either (1) qualified under Section 401, 403, 404 or 408 of the Internal Revenue Code or any successor thereto, or (2) established by federal or state statute, but only to the extent that wages are exempt from execution under Section 52-361a."
Defendant's claim requires the court to determine whether CT Page 2775 the corpus of the defendant's IRA is protected by 52-352 (M). The exemption speaks specifically to IRA payments NOT to the corpus and is intended by its plain language to apply to payments secured as income by an individual in retirement. In construing a statute, words of the statute are to be given their commonly approved meaning unless contrary intent is clearly expressed in either the statute or the legislative history.
 "A primary rule of statutory construction is that if the language of the statute is clear, it is presumed that the words express the intent of the legislature. Orticelli v. Powers, 197 Conn. 9, 13, 495 A.2d 1023 (1985); State v. Smith, 194 Conn. 214, 222, 479 A.2d 814 (1984): Gomeau v. Forrest, 176 Conn. 523, 526, 409 A.2d 1006 (1979). The court must interpret the statute as written; Muha v. United Oil Co., 180 Conn. 720, 730, 433 A.2d 1009 (1980); and it is to be considered as a whole, with a view toward reconciling its separate parts in order to render a reasonable overall interpretation. Peck v. Jacquemin, 196, Conn. 53, 63, 491 A.2d 1043 (1985); Seaman v. Climate Control Corporation, 181 Conn. 592, 605, 436 A.2d 271 (1980). "Each word used by the legislature should be given effect and, as far as possible, the entire enactment is to be harmonized." State v. Parmalee, 197 Conn. 158, 162, 496 A.2d 186
(1985); State v. Grant, 176 Conn. 17, 20, 404 A.2d 873 (1978); Winchester v. Connecticut State Board of Labor Relations, 175 Conn. 349, 355-56, 402
 A.2d 332 (1978). Words and phrases of a statute are to be construed according to the commonly approved usage of the language. Shieffelin Co. v. Department of Liquor Control, 194 Conn. 165, 174, 479 A.2d 1191 (1984); Caldor, Inc. v. Heffernan, 183 Conn. 566, 570, 440 A.2d 767
(1981)."
Federal law defines IRA's at 26 U.S.C. § 408 (a) while pension plans are defined at 26 U.S.C. § 401 (a). The prohibition against assignment and alienation in 26 U.S.C. § 401a(13) is limited to pension plans and does not include IRA's. There is NO similar prohibition in the IRA Sections.
Various courts have construed these provisions as indicating that there is no federal interest in protecting the assets of IRA's from attachment or execution by creditors. Bartlett Co op Association v. Patton, 772 P.2d 551 (Kansas 1986): Rowland v. Strickland, 362 S.E.2d 892 (S.C.App. 1987); Halliburton Company CT Page 2776 v. Wyor, 555 A.2d 55 (N. Jersey Super 1988); Smith v. Winter Park Software, Inc., 504 So.2d 523 (Fla.App. 5 Dist. 1987); Long Island Jewish Hillside v. Prendergast, 509 N.Y.S.2d 697 (Sup. 1986). These courts found NO state exemption provisions applicable to IRA's and therefore permitted attachments or executions. Such proceedings and exemptions thereto are generally governed by the law of the state where the levy is made. Huron Holding Corp. v. Lincoln Mine Operating Co., 313 U.S. 176, 188 (1940).
Some states have amended their statutes to grant exemptions to IRA's (Kansas) Matter of Marriage of Schoneman, 775 P.2d 194
(Kan.App. 1989) (Oklahoma) Greening Donald Co. Ltd. v. Oklahoma Wire Rope Products, Inc., 766 P.2d 970, 972 (Okla, 1988); (Texas) Williams v. Texas Comm. Bank First State, 766 S.W.2d 344, (Tex.App. El Paso 1989). Connecticut has not done this. Absent such a state or federal exemption, the claimed exemption must be and is denied.
The defendant submits that an IRA can be analogized to a spendthrift trust. The court rejects this contention inasmuch as the terms of the IRA contract or agreement permit the beneficiary to obtain access to the corpus at any time albeit in some cases subject to an income tax penalty.
For these reasons, plaintiff's claim to exempt the corpus of his IRA from the levy of execution is denied.
DONALD T. DORSEY, JUDGE