In re Richard LOCKE, Jr., Debtor.

Bankruptcy No. 90–10361–007.

United States Bankruptcy Court, D. Montana.

Oct. 29, 1990.

W. Corbin Howard, Billings, Mont., trustee.

---

Neil D. Enright, Towe, Ball, Enright & Mackey, Billings, Mont., for debtor.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 7 case, the Trustee has filed Objections to Debtor's claim of exemptions in an Individual Retirement Account (IRA). The matter has been submitted to the Court on an agreed statement of facts, with stipulated exhibits. Briefs have been filed by each party and the matter is now ready for decision.

The agreed facts are as follows:

1. Debtor Richard Locke worked for Halliburton until September, 1989 when he was terminated. See Exhibit C.

2. During his employment at Halliburton, the Debtor was a participant in the Halliburton Profit Sharing and Savings Plan, a qualified plan under Section 401 of the Internal Revenue Code.

3. The Debtor was found to be "permanently disabled" by his employer as that term is defined by the Halliburton Profit Sharing and Savings Plan after being on sick leave for five months. That company finding permitted him to withdraw all accumulated funds in the Halliburton Profit Sharing and Savings Plan. No court or public administrative agency has found the Debtor to be disabled.

4. On February 7, 1990, Debtor rolled over $103,389.44 of his $105,252.81 from the Plan into an IRA at Paine Webber in Billings.

5. At the time of the rollover of funds from the Plan, the Debtor had the sums listed in Exhibit B:

$88,555.63 invested in the General Investment, $16,216.38 invested in the Halliburton Stock Fund and $480.41 in the Tax Deferred Savings (401k), all within the Plan.

The Halliburton Company made all contributions to the General Investment Fund and Halliburton Stock Fund. Debtor contributed $241.02 of the funds to the Tax Deferred Savings.

6. At the time of his withdrawal of funds from the Plan, Debtor had the option of taking the proceeds as income or rolling the proceeds over into an IRA.

7. After creating the $103,389.44 IRA at Paine Webber, the Debtor withdrew $15,389.44 from the IRA as deferred income.

8. Debtor filed the Petition herein on March 19, 1990.

9. Debtor's gross income for one year prior to the filing of the Petition was $16,-162.00.

The withdrawal of funds from the IRA account are now permitted without penalty since the Debtor is disabled. The Trustee's Objection to the claim of exemption is based on the argument that Montana's exemption statute, Section 31–2–106(3) has been pre-empted by the federal statute, 29 U.S.C. § 1144(a), Employee Retirement Income Security Act (ERISA), and therefore, the Debtor has no legal right to the exemption under Montana law. The Trustee relies on the holding of *In re Conroy*, 110 B.R. 492 (Bankr.Mont.1990).[1] *Conroy* held that Section 31–2–106(3) was pre-empted by ERISA in a case where the pension plan had been established and qualified under Title I of 29 U.S.C. §§ 1001 et seq. The pension plan in *Conroy* contained an anti-alienation and anti-assignment clause which is required by ERISA as a condition of qualification. The *Conroy* decision discussed the ERISA statute pointing out that Title I of ERISA contains the pension plan qualification conditions, while Title II of that Act is composed almost entirely of amendments to the Internal Revenue Code. *Id.* at 495. The distinction between *Conroy* and the case *sub judice* as to the applicability of Title I of ERISA is critical. As explained in *In re Martin*, 102 B.R. 639 (Bankr.E.D.Tenn.1989), dealing with IRA accounts established under 26 U.S.C.

---

1. Contrary results to *Conroy* have been recently reached in *Matter of Nuttleman*, 117 B.R. 975 (Bankr.Neb.1990); *In re Dyke*, 119 B.R. 536 (D.S.D.Tex.1990), *rev'g In re Dyke*, 99 B.R. 343 (Bankr.S.D.Tex.1989); and *In re Messing*, 114 B.R. 541 (Bankr.E.D.Tenn.1990).

§ 408(a), which was enacted in Title II of ERISA:

> "The legislative history to IRC § 408 indicates that Congress intended IRAs to provide comparable tax advantages to individuals not participating in an ERISA-qualified plan. The House Report states that the proposed bill establishing IRAs is designed to 'mak[e] available a special deduction for amounts set aside for retirement by employees who are not covered under a qualified plan—' House Rep. No. 807, 93rd Cong., 2nd Sess., *reprinted* at 1974 U.S.Code Cong. & Admin.News at 463914791." *Id.* at 643.

It is important to realize that the provisions of Title II of ERISA are not embodied within the preemptive scope of § 29 U.S. C.A. § 1144(a), which is covered solely in Title I of ERISA. As *Martin* explains:

> "IRAs such as the one in dispute in the instant proceeding differ in key respect from ERISA qualified plans. IRAs are not plans; they are savings accounts. *In re Talbert*, 15 B.R. 536, 537 (Bankr.W.D. La.1981). An IRA is contractual in nature, a contract between the depositor and a depository while a plan's contract is between the employer and its employees. *Id.* at 538; *see also Smith v. Winter Park Software, Inc.*, 504 So.2d 523, 524 (Ct.App.Fla.1987) ("An IRA is a savings account with tax benefits and gratuitous contributions by the [employee]," quoting *In re Peeler*, 37 B.R. 517, 518 (Bankr.M.D.Tenn.1984); *Halliburton Co. v. Sam Mor*, 231 N.J.Super. 197, 555 A.2d 55 (Super.Ct.N.J.1988)).

> IRAs are not required to contain the anti-alienation clause required under ERISA § 206(d)(1) (29 U.S.C.A. § 1056(d)(1) (West Supp.1989)). *See* n. 10, *supra*. *See also, Smith v. Winter Park*, 504 So.2d 523; *Bartlett [Co-op. Ass'n v. Patton ]* 239 Kan. 628, 722 P.2d 551 [ (1986) ].

ERISA qualified plans and IRAs under IRC § 408(a) also differ relative to the degree of control over the funds. With the former, the employee generally enjoys little or no control; with the latter, the individual's discretion is significant. Unlike ERISA qualified pension plans, an individual can generally revoke an IRA, control the mode of distribution, or make early withdrawals, albeit accompanied by a penalty. *See generally, Talbert*, 15 B.R. 536.

For the reasons enunciated herein, this court concludes that IRAs established under IRC § 408(a) are outside the preemptive scope of ERISA. Accordingly, Tenn.Code Ann. § 26–2–104(b) (Supp. 1988), insofar as it relates to a "retirement plan" under IRC § 408(a), is not preempted by ERISA. This opinion does not in any manner purport to address the preemptive effect of ERISA § 514(a) (29 U.S.C.A. § 1144(a) (West 1985)) within the context of any other "retirement plan" declared exempt from execution under the Tennessee statute, i.e., "retirement plan[s]" qualified under IRC §§ 401(a), 403(a), 403(b), or 408(b) or (c)." *Id.* at 644.

In accord with *Martin*, are *In re Laxson*, 102 B.R. 85 (Bankr.N.D.Tex.1989); *In re Atallah*, 95 B.R. 910 (Bankr.E.D.Pa.1989); *In re Chadwick*, 113 B.R. 540, 545 (Bankr. W.D.Mo.1990); *Board of Trustees of Cedar Rapids Pediatric Clinic P.A. Pension Plan v. Continental Assurance Company*, 690 F.Supp. 792, 796 (D.C.Ark.1988) (IRA is not covered by Title I of ERISA). *Contra: Whalen v. National Metals*, 1987 WL 59573 (D.C.N.D.Ala.1987).[2]

By reason of the foregoing, *Conroy*, and its progeny, *In re Ullman*, 116 B.R. 228, 8 Mont.B.R. 440 (Bankr.Mont.1990), do not provide support for the Trustee's position because the Debtor's IRA account, as it existed at the date of the bankruptcy Peti-

---

**2.** Before Montana amended Section 32–2–106(3) in 1989, this Court held in *In re Bell*, 119 B.R. 783, 6 Mont.B.R. 377 (Bankr.Mont.1988), that Debtor's claim of exemption to an IRA was exempt under 11 U.S.C. § 522(d)(10)(E), where the funds were reasonably necessary for Debtor's support. The 1989 Amendment to Section 32–2–106(3) deleted the language of § 522(d)(10)(E) and substituted the present provision by deleting the support provision. L. of Mont.1989, Ch. 301. For a discussion of cases dealing with provisions of § 522(d)(10)(E), see *In re Cilek*, 115 B.R. 974 (Bankr.W.D.Wis.1990).

tion was filed, is not an ERISA-qualified plan, so that § 32-2-106(3) is not preempted by ERISA. Section 32-2-106(3) provides an individual may exempt from the property of the estate in any bankruptcy proceeding:

"* * *

(3) the individual's right to receive benefits from or interest in a private or governmental retirement, pension, stock bonus, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, excluding that portion of contribution made by the individual within 1 year before the filing of the petition in bankruptcy which exceeds 15% of the individual's gross income for that 1-year period, unless:

(a) the plan or contract was established by or under the auspices of an insider that employed the individual at the time the individual's rights under the plan or contract arose;

(b) the benefit is paid on account of age or length of service; and

(c) the plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(b), 408 or 409)."

The fact that the IRA funds were rolled-over from a qualified pension plan trust is of no importance to the Trustee's Objection, because property of the estate under § 541 of the bankruptcy Code, and exemptions under state law in an opt-out state such as Montana, are governed as of the petition date. *In re Mutchler*, 95 B.R. 748, 6 Mont.B.R. 388 (Bankr.Mont.1989). *In re Fernando Magallanes*, 96 B.R. 253, 255 (9th Cir. BAP 1988) holds:

"Any exemptions claimed by the debtor are also determined as of the Chapter 11 filing date. *In re Thurmond*, 71 B.R. 596, 598 (D.Or.), *aff'd* 825 F.2d 414 (9th Cir.1987). Such exemptions are allowed pursuant only to those federal, state or local laws applicable on the filing date of the petition. 11 U.S.C. Section 522(b)(2)(A) (West 1979)."

*See, in accord, In re Chadwick*, supra. At the date of the Petition in this case, the Debtor had the clear statutory right under § 31-2-106(3) to claim or exempt his right to "receive benefits—in a private retirement—plan—on account of disability" because the plan qualified under 26 U.S.C. § 408. No other issue is presented in this case by the Trustee's Objection.[3] By reason of this personal right, the Debtor who owns an IRA account at the date of the bankruptcy Petition is entitled in Montana to an exemption of such account. While such result, when compared with *Conroy* and *Ullman*, allows this Debtor more favorable treatment it is because of the peculiar nature of each retirement account, Montana's opt-out statute and the technical, but different, applicability of ERISA to each retirement plan.

IT IS ORDERED the Trustee's Objection to Debtor's claim of exemption of an Individual Retirement Account qualified under 26 U.S.C. § 408 is denied.

---

3. For example, one court has held that a state's enactment of exemptions of an IRA pension account where the statute governed rights to exemption of bankruptcy debtors was unconsti-

tutional as to the Trustee. *In re Mata*, 115 B.R. 288 (Bankr.Colo.1990) (a separate state-created exemption statute, for bankruptcy only violates, Art. 1, Sec. 8, Cl. 4 of the U.S. Constitution).