## 61867. TERRELL v. FULLER et al.

CARLEY, Judge.

J. I. Fuller, appellee-garnishor, instituted a garnishment proceeding against Sassy Fox Lounge ("Sassy Fox"), appellee-garnishee, seeking to satisfy a judgment previously obtained against appellant Allen Terrell. Sassy Fox answered the summons of garnishment stating that for the period beginning November 28, 1980 through the time of answer appellant earned

wages of $360 at the rate of $60 per week, 9 hours per week. Utilizing Code Ann. § 46-301 (c) (1) as a computational base, Sassy Fox determined that $90 of appellant's disposable earnings was subject to garnishment and, after deducting $15 as attorney's fees, paid the sum of $75 into the registry of the court.

Appellant filed a traverse to the affidavit of garnishment alleging it to be untrue and legally insufficient. Additionally, appellant filed a pleading denominated as a "Traverse of Garnishee's Answer" and a motion to dismiss, asserting in both that *all* of the wages owed to appellant by Sassy Fox were exempt from garnishment pursuant to Code Ann. § 46-301. This appeal is from the order of the trial court dismissing appellant's traverse of Fuller's affidavit of garnishment and appellant's traverse of Sassy Fox's answer.

On appeal appellant contends that his weekly part-time earnings did not exceed thirty (30) times the federal minimum hourly wage and, as such, are not subject to garnishment. Appellant further contends that the judgment of the trial court is unenforceable due to the pre-emptive effect of 15 USC § 1673 (c). However, for the reasons set forth hereafter, we cannot consider the merits of these contentions.

The initial inquiry is whether appellant was entitled in the context of the garnishment proceeding itself to attack the answer of Sassy Fox. After a careful review of Code Ann. Ch. 46-1 et seq., we have reached the conclusion that the present garnishment statute does not contain a specific provision whereby a defendant may traverse the answer of the garnishee. However, while there is no express provision authorizing a defendant to traverse the garnishee's answer, the law does now provide that a defendant may become a party to the garnishment. Code Ann. § 46-401. A defendant who elects to become a party to the garnishment proceedings does so initially for the limited purposes set forth in section 46-403 but "he shall be a party to all proceedings thereafter." Code Ann. § 46-401. Therefore, the question becomes whether appellant, who had made himself a "party" to the garnishment proceeding pursuant to Code Ann. § 46-401, was thereby entitled to traverse Sassy Fox's answer and challenge the payment into court of wages allegedly exempt from garnishment.

With this question in mind, a common sense reading of Code Ann. § 46-404 demonstrates no reason why a defendant, who has otherwise elected to become a party to the garnishment proceedings, cannot become a "claimant" to such allegedly garnishment-exempt wages as the garnishee has made "subject to the process of garnishment" by answering and paying them into court. Cf. *LaMotte v. Harper,* 88 Ga. 26 (13 SE 804) (1891). Clearly, such a

party-defendant "has a claim superior to that of the plaintiff" whose "claim" to the funds is asserted only through the garnishment law which itself provides for certain wage exemptions. And, as a "claimant," such a party-defendant would have the right to traverse the garnishee's answer, Code Ann. § 46-505, or, in the event that right were not asserted, suffer the res judicata consequences of having the garnishee discharged from "further liability with respect to the summons so answered." Code Ann. § 46-504. Thus, we find that a defendant who has elected to become a party to the garnishment proceedings and who has a claim superior to that of the plaintiff to money or property in the hands of the garnishee, is authorized to, and indeed must, assert such a claim and then traverse the answer of the garnishee. "A judgment is conclusive as to all matters put in issue, *or which under the rules of law might have been put in issue on the trial of the case.*" (Emphasis supplied.) *Doyle v. United Fin. Co.,* 97 Ga. App. 257 (1a) (102 SE2d 637) (1958).

It is undisputed that in the instant case appellant elected to become a "party" to the garnishment proceedings. However, appellant did not, as expressly required by Code Ann. § 46-404, file a "claim in writing under oath" to such funds paid in by the garnishee as appellant contended were exempt from the garnishment process. Recognizing that our garnishment statute is in derogation of the common law and, thus, must be strictly construed *(Arnold v. C. & S. Nat. Bank,* 47 Ga. App. 254 (3) (170 SE 316) (1933)), we are compelled to conclude that appellant failed to comply with necessary procedural requirements to enable him to assert his "claim" to the allegedly exempt wages. Having failed procedurally to invest himself with the prerequisite "claimant" status, appellant had no authority to file a traverse of Sassy Fox's answer. Appellant not having filed a claim under oath as provided in Code Ann. § 46-404, his traverse of Sassy Fox's answer was a mere nullity. The trial court was without jurisdiction to consider appellant's traverse and, therefore, did not err in granting summary judgment in favor of appellee Fuller. Cf. *Stone v. Peoples Bank,* 127 Ga. App. 588 (194 SE2d 276) (1972). We note that the conclusion reached in this decision is compelled by statute. For some reason the General Assembly did not set forth a specific procedure whereby a defendant can, in that capacity, traverse the answer of a garnishee without first becoming a "claimant" under Code Ann. § 46-404. Appellant in the instant case did not satisfy the procedural requirements of the statute as enacted. The appropriate place to address the issue of a defendant's entitlement to traverse the answer of the garnishee in the context of the garnishment proceeding is the legislature rather than the courts.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1981 —
REHEARING DENIED OCTOBER 15, 1981 — 

*Herbie L. Solomon, W. E. Lockette,* for appellant.
*Daniel MacDougald III, Walter Kelly,* for appellees.