## 63031. DAVIS v. DAVIS.

SOGNIER, Judge.

Joyce Davis filed a garnishment against Fulton County General Employees Pension Board based on a judgment against Harold Davis. The garnishee answered stating that $770.40 was due to Harold Davis, payable in the amount of $557.39 each month as a pension; the garnishee also stated that $647.19 was exempt from garnishment and that $215.73 was subject to garnishment and paid into court. Harold Davis traversed Joyce Davis' affidavit for garnishment claiming that the sums held by the garnishee and paid into court are pension funds that have not been paid or transferred to

him and, therefore, are exempt from garnishment.

The trial court dismissed the garnishment on the grounds that the disability pension was not subject to garnishment under Code Ann. § 46-302 (Ga. L. 1980, pp. 1769, 1772). Ms. Davis appeals.

Appellant contends that the 1980 amendment to Code Ann. § 46-302 was intended to prevent garnishment of a pension *fund* but to make the payments out of the fund subject to garnishment as they become due and payable. Code Ann. § 46-302 provides: "Funds or benefits from a pension or retirement program shall be exempt from the process of garnishment until paid or otherwise transferred to a member of such program or beneficiary thereof. Such funds or benefits, when paid or otherwise transferred to such member or beneficiary, shall be exempt from the process of garnishment only to the extent provided in section 46-301 for other disposable earnings, unless a greater exemption is otherwise provided by law." Appellee contends that the words "when paid or otherwise transferred to such member or beneficiary" means that the member or beneficiary must have actually received the sums and that the money has passed completely out of the control of the fund. We agree with appellee.

We interpret Code Ann § 46-302 to mean that funds or benefits from a pension or retirement program are exempt from the process of garnishment until such funds or benefits are in the hands of the member or beneficiary of the program. See *Goddard v. Boozer,* 160 Ga. App. 303, 305 (287 SE2d 308) (1981). "Paid or otherwise transferred" in Code Ann § 46-302 means exactly what it says; if the legislature had intended the statute to mean "payable" or "transferable," it would have used those words.

The trial court was correct in dismissing the garnishment.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

Decided March 4, 1982 —
Rehearing denied March 18, 1982.

*Gene W. Walters,* for appellant.
*E. Christopher Harvey,* for appellee.