64973. BIRCHFIELD v. BIRCHFIELD et al.

McMURRAY, Presiding Judge.

This is a garnishment proceeding. The defendant is a resident of California and receives payment of retirement benefits from the Marine Corps Finance Center in Kansas City, Missouri. Plaintiff initiated a continuing garnishment seeking to recover a default judgment for an arrearage of support payments (child support and alimony) arising from a court order granting divorce. The garnishee, Commanding Officer of the Marine Corps Finance Center, answered by paying certain sums into the registry of the trial court.

Defendant filed a motion to dismiss the garnishment action for lack of subject matter jurisdiction and lack of jurisdiction over defendant's person and property. The trial court granted defendant's motion to dismiss for "lack of a res within the forum state that is subject to garnishment." Plaintiff appeals, contending that the sum paid into the registry of the trial court is a sufficient res conferring jurisdiction upon the trial court. *Held:*

Code Ann. § 46-302 (Ga. L. 1980, pp. 1769, 1772) (now OCGA § 18-4-22, effective November 1, 1982) provides: "Funds or benefits from a pension or retirement program shall be exempt from the process of garnishment until paid or otherwise transferred to a member of such program or beneficiary thereof. Such funds or benefits, when paid or otherwise transferred to such member or beneficiary, shall be exempt from the process of garnishment only to the extent provided in section 46-301 for other disposable earnings, unless a greater exemption is otherwise provided by law." This statute has been interpreted "to mean that funds or benefits from a pension or retirement program are exempt from the process of garnishment until such funds or benefits are in the hands of the member or beneficiary of the program." *Davis v. Davis,* 161 Ga. App. 722, 723 (288 SE2d 748). The exemption provided in Code Ann. § 46-302, supra, is applicable to a continuing garnishment. Code Ann. §

46-702 (c) (Ga. L. 1980, pp. 1769, 1775) (now OCGA § 18-4-111 (c), effective November 1, 1982).

In the case sub judice the sum paid into the registry of the trial court by the garnishee being the benefits of a retirement plan which never reached the hands of the defendant, the sum is exempt from the process of garnishment under the provisions of Code Ann. § 46-302, supra. This statutory exemption is not limited by the language of Code Ann. § 46-301 (d) (Ga. L. 1980, pp. 1769-1771) (now OCGA § 18-4-20 (f), effective November 1, 1982).

The only property which plaintiff contends defendant has within the state being exempt from garnishment, the trial court did not err in dismissing the garnishment. *Davis v. Davis,* 161 Ga. App. 722, supra. Compare also *Williamson v. Williamson,* 247 Ga. 260, 262 (2) (275 SE2d 42).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JANUARY 13, 1983.

*Timothy A. Siler, Mark E. Layng,* for appellant.
*Robert P. Hein,* for appellees.