68359. TATE v. BURNS.
(324 SE2d 485)

CARLEY, Judge.

On October 17, 1983, after a jury trial, the Superior Court of Gwinnett County entered a money judgment in favor of appellee-Burns and against appellant-Tate. On October 19, 1983, two days later, appellee instituted the instant garnishment proceedings in the State Court of Fulton County. On October 26, 1983, appellant filed a motion for new trial in the Superior Court of Gwinnett County. On October 31, 1983, appellant filed his traverse to the Fulton County garnishment. A hearing was conducted on the traverse, wherein appellant specifically raised the applicability of OCGA § 9-11-62 (a). That statute provides, in relevant part, that no proceedings shall be taken for enforcement of a judgment "until the expiration of ten days after its entry . . . ."

On November 9, 1983, the State Court of Fulton County entered its order on appellant's traverse. That order stated the following: "[T]he Court hereby exercises its discretion and denies [appellant's] traverse and motion to dismiss the within garnishment and further rules that [appellee] may not obtain an Order condemning any property or funds paid into Court by the garnishee until her Judgment upon which this garnishment is based becomes Final; or [appellant] posts a supersedeas bond in said Gwinnett Superior Court satisfactory to this Court (whereupon this garnishment may be released.)"

On November 28, 1983, appellant's motion for new trial was denied by the Superior Court of Gwinnett County. On December 5, 1983, the garnishee answered and paid $15,371 into the State Court of Fulton County. On January 4, 1984, appellant having filed no notice of appeal within 30 days of the denial of his motion for new trial, appellee requested that the funds which had been paid into court by the garnishee be released to her. The garnishment court entered its order granting appellee's request for the funds. Appellant appeals from this order disbursing the funds to appellee. See *Perry v. Freeman,* 163 Ga. App. 186 (293 SE2d 381) (1982).

The mandate of OCGA § 9-11-62 (a) is clear and unequivocal: "No execution shall issue upon a judgment *nor shall proceedings be taken for its enforcement* until the expiration of ten days after its entry, except" in certain specified cases not applicable here. (Emphasis supplied.) The garnishment court had no discretion to exercise in the matter. Proceedings to enforce a judgment *shall* not be taken for ten days after its entry. " '[I]n its ordinary signification "shall" is a word of command . . . .' [Cit.]" *Cole v. Frostgate Warehouses, Inc.,* 150 Ga. App. 320, 323 (257 SE2d 309) (1979), rev'd on other grounds,

244 Ga. 782 (262 SE2d 98) (1979). The purpose of OCGA § 9-11-62 (a) is to permit "the party against whom judgment has been entered to determine what course of action he wishes to follow. If he desires to attack the judgment in the trial court, by a motion for a new trial or a similar post-trial motion, he can make his motion and [the issue of supersedeas is resolved as provided in OCGA § 9-11-62 (b)]. If he prefers to appeal, he can file a notice of appeal [in which case the issue of supersedeas is resolved as provided in OCGA § 5-6-46]." Wright & Miller, Fed. Practice & Procedure, Civil, § 2902, p. 309 (1973 ed.). Thus, the clear mandate of OCGA § 9-11-62 (a) is to provide the party against whom a judgment has been entered the right to be free from execution *and* from proceedings for enforcement of the judgment for a period of ten days in order to determine his future course of action.

It is clear that appellee's instant garnishment action was violative of OCGA § 9-11-62 (a) and of appellant's rights thereunder. Appellant raised the issue by his traverse. The garnishment court had no discretion in the matter and erred in failing to sustain appellant's traverse.

We cannot hold the error in this regard to be harmless. The failure to sustain appellant's traverse denied him the right, mandated by statute, to be free to determine his post-judgment course of action for a ten-day period. "It is no answer to the violation of the mandatory rule to say that the record does not show any harm to have resulted to [appellant] because of this error, since it has been held in numerous cases that, whenever the rights of a party are withheld or violated, *the presumption of law is that he has been injured unless the contrary plainly appears.* [Cits.]" (Emphasis supplied.) *Poultryland, Inc. v. Anderson*, 200 Ga. 549, 562 (37 SE2d 785) (1946).

Moreover, ordering that funds be paid into court and merely suspending their disbursal until such time as the judgment becomes final or until supersedeas bond is posted is clearly not harmless when the proper action was the dismissal of the prematurely instituted garnishment action. The impending "finality" of the judgment was ultimately dependent upon whether, within thirty days, appellant filed a timely post-judgment motion or a notice of appeal in the trial court. If he did so, the issue of supersedeas bond was for the trial court, not the garnishment court. During the first ten of his thirty days, appellant was entitled to be free from any proceedings to enforce the judgment and the only authority of the garnishment court was to dismiss the garnishment proceedings when appellant invoked his right under OCGA § 9-11-62 (a). The action of the garnishment court resulted in funds being held for disbursal which never should have been ordered paid into court in the first instance. The traverse should have been granted and the order of disbursal must be reversed.

*Judgment reversed. McMurray, C. J., Deen, P. J., Banke, P. J.,*

*Pope and Benham, JJ., concur. Birdsong, P. J., and Sognier, J., dissent.*

DECIDED OCTOBER 24, 1984 —
REHEARING DENIED NOVEMBER 21, 1984

*Robert C. Sacks*, for appellant.
*R. John Genins*, for appellee.

BIRDSONG, Presiding Judge, dissenting.

This would appear to be one of those instances where a technical violation of a procedural rule has been promoted to such a sacrosanct position that form has been elevated over substance.

As I understand the purpose of OCGA § 9-11-62 (that execution should not issue upon a judgment nor proceedings taken for its enforcement until the expiration of ten days), it is to allow the loser to assess his position and to take appropriate steps to protect his position by appropriate motion. Execution could possibly moot any continuing arguments and proceedings to enforce the judgment within ten days places the loser at a disadvantage in making a decision to a further course of action in that the energies must be directed against the enforcement rather than the decision regarding an appropriate motion.

It cannot be gainsaid that a violation occurred in this case for the affidavit of garnishment was filed only two days after the judgment. However, neither can it be said in actual fact that Tate was inhibited in his post-trial actions. He filed a motion for new trial which was considered apparently without any impact thereon by the garnishment or traverse. The motion for new trial was considered, denied and not appealed; thus the case became final before any definitive or final action was taken upon the garnishment. All these actions occurred under the protective order of the court that no disbursement could occur until the case became final. It was only when the trial court ordered disbursement of funds, long after the case became final, that Tate successfully brought the irregularity before this court. Throughout the post-trial process, both Tate and Burns were aware that no action could be taken to disburse the funds until Tate's rights of appeal had been exhausted. Moreover, Tate at no point has denied that he is a judgment debtor or that the debt is not due.

It long has been the rule in the appellate courts of this state that *legal* error is a compound of error and injury. It cannot be disputed that error occurred but logic compels a conclusion that no injury resulted from that error. *Byrom v. Felker*, 137 Ga. App. 400 (224 SE2d 72). The majority applies the rule that where error occurs, prejudice should be presumed unless the contrary appears. *Poultryland, Inc. v.*

*Anderson,* 200 Ga. 549, 562 (37 SE2d 785). In my opinion, this record affirmatively discloses that no injury has resulted to Tate as a result of the untimely but delayed execution of the garnishment in this case. This court has held on other occasions that harmful error should not be presumed from an asserted failure by the trial court to follow a procedural requirement where no apparent harm resulted. See *O'Neil v. Moore,* 118 Ga. App. 424 (164 SE2d 328). It is an old and well-bottomed rule that when an appellant brings a case before this court, he must show error which has caused harm for this court corrects only such errors as have wronged in practicality the complaining party. *Burger Chef Systems v. Newton,* 126 Ga. App. 636, 639 (191 SE2d 479). I find no harmful error in the early but delayed execution on this judgment. Thus, I would affirm the judgment of the trial court.

I respectfully dissent. I am authorized to state that Judge Sognier joins in this dissent.