## 42522. HARP v. WINKLES.
(335 SE2d 292)

CLARKE, Justice.

Plaintiff Harp obtained a judgment against Winkles in the United States District Court for the Northern District of Georgia. The judgment arose out of the arrest of Harp in Adairsville by Winkles, a Cartersville police officer answering an "officer down" call. Harp filed a garnishment proceeding against Winkles with the City of Cartersville as garnishee. The city answered, claiming that Winkles' wages were exempt under OCGA § 18-4-21 (Code Ann. § 46-306) because the judgment which was the basis of the garnishment arose out of liability incurred in the scope of employment while responding to an emergency.

Harp contends that the court erred in finding that the statute exempted Winkles' wages. He argues that since garnishment is in derogation of the common law and must be strictly construed, the garnishee (the city) cannot assert a defense given to defendant. He also argues that Winkles was not acting in the scope of his employment when the events in question occurred because he was outside of the jurisdiction of Cartersville and the evidence disclosed that there was no policy of the City of Cartersville for officers to go outside in responding to emergencies. Furthermore, there was no emergency at the time Winkles arrived at the scene and the emergency call which had been heard over the police radio had been cancelled. Winkles testified that he had heard the cancellation.

Finally, Harp contends that the code section in question is unconstitutionally vague and also violative of the equal protection clauses of the United States and Georgia Constitutions in that it cre-

ates a classification which is arbitrary and unreasonable.

1. Harp's argument that the court erred in dismissing the garnishment proceeding because the city had no standing to raise OCGA § 18-4-21 is without merit. We are not called upon to decide whether the city had standing to raise the defense of OCGA § 18-4-21 because after the city answered the garnishment petition Winkles filed a traverse to the plaintiff's affidavit and raised the code section himself.

2. The contention that the code section is not applicable because Winkles was not acting in the scope of his employment by leaving his jurisdiction to answer a call in Adairsville is also without merit. The trial court after a hearing on the motion to dismiss the garnishment specifically found that Winkles was acting within the scope of his employment. If there is any evidence to support the trial judge, an evidentiary finding will not be disturbed on appeal. *Dudley v. Snead*, 250 Ga. 804 (301 SE2d 480) (1983). Here, Officer Winkles was at all times under the direct supervision of his immediate supervisor. This alone is sufficient to sustain a finding that he was acting within the scope of his employment in responding to the call outside his jurisdiction. Similarly, there is no validity in Harp's argument that the code section does not apply because Winkles was not responding to an emergency. Even though the "officer down" call was cancelled as Winkles and his supervisor were on their way to the scene, when they continued on their way they were still in the process of responding to an emergency. There was testimony that they doubted the authenticity of the cancellation.

3. Finally, we must consider Harp's attack on the constitutionality of OCGA § 18-4-21 on the basis that it is vague and on the basis that it violates equal protection. At the outset, we find that the word "emergency," which Harp contends is vague, is sufficiently specific to give notice of the conduct of an employee which will trigger the application of the code section.

We find that the exemption from garnishment of wages of governmental employees whose liability arose from their actions in responding to an emergency in the scope of their employment is not violative of equal protection of the laws for two reasons. First, OCGA § 18-4-21 is a limited waiver of sovereign immunity, allowing garnishment of the wages of governmental employees. Since the state is subject to suit only by its express consent, it is clear that this consent may be limited or restricted. *Sikes v. Candler County*, 247 Ga. 115 (274 SE2d 464) (1981). Further, we find there is a rational basis for the exception to garnishment for employees responding to an emergency in the scope of their employment. The obvious policy furthered by the exception is the encouragement of rapid and selfless response to emergencies on the part of governmental employees.

*Judgment affirmed. All the Justices concur, except Weltner, J.,*

*who dissents.*

HILL, Chief Justice, concurring.

I concur in the judgment for the reason that, in my view, it is not necessary that an officer be responding to an emergency police radio call in order to be "responding to an emergency" within the meaning of OCGA § 18-4-21 (a). The trial court found that the officer was responding to an emergency within the meaning of the Code section, and the evidence supports that finding.

DECIDED OCTOBER 17, 1985.

*Charles Crawford*, for appellant.
*Shepherd L. Howell*, for appellee.