A97A2127. NATIONAL LOAN INVESTORS, L.P. v. SATRAN.
        A97A2128. AYLWARD v. SATRAN.
                (497 SE2d 627)

RUFFIN, Judge.

Neal Satran, d/b/a Satran & Marino, P.A., filed a garnishment against Wickliffe Company ("Wickliffe"), seeking to garnish $50,656 that Wickliffe owed to Parco, Engineering, Inc. ("Parco"). In its answer, Wickliffe stated that it owed Parco $79,625. National Loan Investors, L.P. ("NLI"), filed a competing claim to the garnished funds under OCGA § 18-4-95, arguing that it had a priority security interest in the funds. Jillian Aylward filed what she characterized as a "contingent claim" for the garnished funds, also under OCGA § 18-4-95, asserting she was entitled to the funds only if the trial court found that NLI assigned its interest in the money to her. NLI and Satran filed cross-motions for summary judgment on their respective rights to the garnishment proceeds. The trial court denied NLI's motion and granted Satran's motion, awarding him $47,644 in principal, interest and court costs. We granted appellants' Applications for Discretionary Appeal. In Case No. A97A2127, NLI asserts that the trial court erred in denying its motion and granting summary judgment to Satran. Aylward raises the same assertions of error in Case No. A97A2128. For reasons which follow, we affirm the trial court's judgments in both cases.

1. NLI and Aylward assert that the trial court "erred in ruling that NLI does not have standing in this case." They argue that OCGA § 18-4-95 expressly authorizes any person with a competing demand for the garnished money to file a claim and become a party to the garnishment proceedings. Both NLI and Aylward contend in their appellate briefs that their claims "complied in every respect with [OCGA] § 18-4-95." We disagree.

OCGA § 18-4-95 provides that "[a]t any time before judgment is entered on the garnishee's answer or money or other property subject to garnishment is distributed, any person may file a claim in writing *under oath* stating that he has a claim superior to that of the plaintiff to the money or other property in the hands of the garnishee subject to the process of garnishment; and the claimant shall be a party to all further proceedings upon the garnishment." (Emphasis supplied.)

Although the record in this case contains written claims filed by NLI and Aylward, it does not appear that either of the claims, as expressly required by OCGA § 18-4-95, was filed under oath. See

OCGA § 18-4-95; *Terrell v. Fuller*, 160 Ga. App. 56, 58 (286 SE2d 50) (1981). "Recognizing that our garnishment statute is in derogation of the common law and, thus, must be strictly construed [cit.], we are compelled to conclude that [appellants] failed to comply with necessary procedural requirements to enable [them] to assert [their] 'claim' to the [garnished funds]." Id. Having failed procedurally to invest themselves with the prerequisite "claimant" status, the trial court was without jurisdiction to consider their claim and, therefore, did not err in granting summary judgment in favor of Satran and against NLI and Aylward. See id. The trial court's judgments in both appeals are affirmed.

2. In light of our decision in Division 1, it is unnecessary to address appellants' remaining enumerations of error.

*Judgments affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED MARCH 9, 1998.

*Womble, Carlyle, Sandridge & Rice, R. Wayne Bond, Devereaux F. McClatchey IV*, for appellants.

*Stokes, Lazarus & Carmichael, William K. Carmichael*, for appellee.