## A09A0665. AKRIDGE v. SILVA.
### (681 SE2d 667)

PHIPPS, Judge.

Don Akridge appeals an order in a garnishment proceeding that he had initiated after obtaining a money judgment against Kathy Nicotra. The order allowed Antonio Silva to intervene in the proceeding and held that Silva, not Nicotra, was the owner of funds at issue in the proceeding. On appeal, Akridge contends that OCGA § 18-4-89 required the court to disburse the funds to him, that Silva did not assert his claim to the funds in a timely manner, that principles of res judicata barred Silva's claim, and that Akridge's claim to the funds had priority over Silva's claim. Finding no merit in any of these contentions, we affirm.

On May 4, 2004, Akridge caused a summons of garnishment to be issued to a bank in connection with the judgment against Nicotra.[1] The bank answered that it owed Nicotra $36,278, which represented money in an account at the bank. The bank transferred this amount to the state court. By letter to the state court on July 7, Akridge requested that the funds be disbursed to him. On July 9, before the state court had disbursed the funds, Nicotra filed a traverse, to which she attached her affidavit averring that the funds in the bank account did not belong to her but rather had been placed by Silva and his wife in the account, on which Nicotra merely was authorized to write checks in her capacity as the Silvas' general contractor.

The state court ordered a hearing on Nicotra's traverse. But before the hearing occurred, Nicotra filed a Chapter 7 bankruptcy

---

[16] See id.

[1] See OCGA § 18-4-61 (setting forth procedure for issuance of summons of garnishment after creditor has obtained money judgment).

petition, which automatically stayed the state court action.[2] On March 3, 2005, the bankruptcy court denied Akridge's motion for relief from the automatic stay to pursue the garnishment proceeding. The bankruptcy court instead ordered the state court to remit the funds to the bankruptcy trustee "for safekeeping pending the determination of the entitlement to those funds."

Silva filed with the bankruptcy court a motion to disburse the funds to him. The bankruptcy court initially denied Silva's motion, noting his failure to assert a claim to the funds in the garnishment proceeding. But on May 1, 2008, upon reconsideration, the bankruptcy court modified its order. In so doing, the bankruptcy court noted that Nicotra had "abandoned her traverse" and that the bankruptcy trustee "assert[ed] no interest in the . . . [f]unds on behalf of the bankruptcy estate." The bankruptcy court then stated:

> [Silva] claims he is entitled to now file a garnishment action if the Garnished Funds are returned to the state court. This Court has ruled that [Silva] is not entitled to recover the Garnished Funds. For reasons stated on the record of the April 29, 2008 hearing,[3] this Court will modify its March 26, 2008 Order to permit the State Court of Fulton to decide how to distribute the Garnished Funds.

Meanwhile, in either late March or April 2008,[4] Silva filed a verified notice of claim of interest in the state court garnishment proceeding pursuant to OCGA § 18-4-95, and on May 5, 2008, he moved to intervene in the garnishment proceeding. In these pleadings, Silva asserted that he, not Nicotra, was the owner of the funds at issue. After conducting an evidentiary hearing, the state court entered a final order and judgment in which it found that Silva was the sole owner of the disputed funds and held that Silva was entitled to those funds.

1. Akridge asserts that the state court failed to comply with OCGA § 18-4-89 when it allowed Silva to intervene and ultimately distributed the funds to Silva.

OCGA § 18-4-89 (1) provides: "If no traverse or claim has been filed within 15 days after the garnishee's answer is filed: . . . If money is delivered to the court by the garnishee, the clerk shall pay the money to the plaintiff or his attorney on his application." Akridge contends that this code section required the state court to

---

[2] See 11 USCA § 362.

[3] A transcript of this hearing is not included in the record on appeal.

[4] The record is inconsistent concerning the filing date of this notice.

distribute the funds to him, because no traverse or claim had been filed within 15 days of the bank's answer and because Akridge applied for the funds in his July 7, 2004 letter to the court. Because the record is unclear as to exactly when the bank filed its answer, it is unclear when the 15-day period set forth in OCGA § 18-4-89 expired.[5] Regardless of the specific date that the answer was filed, however, the purpose of OCGA § 18-4-89 is "to simplify matters *where there [is] no dispute* and, therefore, no need of direct judicial supervision."[6] And shortly after Akridge applied for the funds, before the court had distributed them, Nicotra filed her traverse and supporting affidavit raising a dispute about whether the funds identified in the bank's answer were subject to garnishment at all.[7] Thus, OCGA § 18-4-89, the purpose of which is to provide a means of expediting the distribution of funds in an undisputed garnishment proceeding, no longer applied. Instead, the filing of a traverse by Nicotra invoked other provisions of the garnishment statutes setting forth a method for the court to adjudicate disputes related to the funds.[8]

Akridge does not point to any evidence contradicting the affidavit testimony that the funds in the account belonged to Silva rather than Nicotra. Instead, he contends that the state court was not allowed to resolve the dispute over whether the funds were properly subject to garnishment, because by not making his claim within 15 days of the bank's answer Silva "disregard[ed] the requirements of OCGA § 18-4-89" and "fail[ed] to assert a claim within the time period specified by the law." But OCGA § 18-4-89 did not require Silva to file a claim within a specific time period. Instead, OCGA § 18-4-89 provided a means by which Akridge could seek an expedited distribution of the garnished funds if no traverse or claim had been filed within the 15-day time period.

In contrast, other sections within the garnishment code do impose specific filing deadlines for traverses and claims. For instance, OCGA § 18-4-85 provides that a plaintiff (such as Akridge)

---

[5] The court's file stamp on the answer is illegible. It was amended by hand to read "June 4, 2004," a date preceding the answer's certificate of service, which was dated June 18, 2004. The parties have identified June 18 as the filing date in their briefs on appeal. The index to the record, prepared by the trial court, indicates that the answer was filed June 24, 2004. Nicotra traversed the answer within 15 days of the June 24 date.

[6] *Marbut Co. v. Capital City Bank*, 148 Ga. App. 664, 665 (1) (252 SE2d 85) (1979) (emphasis supplied) (discussing predecessor to OCGA § 18-4-89, which contained substantively identical language on this point).

[7] See *Parham v. Lanier Collection Agency & Svc.*, 178 Ga. App. 84, 85 (1) (341 SE2d 889) (1986) (garnishment lien is intended to reach something actually due defendant against whom underlying judgment applied, which defendant could have forced garnishee to pay). See generally OCGA § 18-4-20 (describing property subject to garnishment).

[8] See OCGA § 18-4-88.

"must traverse the [garnishee's] answer within 15 days after it is served or the garnishee is automatically discharged from further liability with respect to the summons so answered." And OCGA § 18-4-95[9] provides that a person with a claim to garnished funds (such as Silva) may file a claim for the funds "[a]t any time before judgment is entered on the garnishee's answer or money or other property subject to garnishment is distributed."

On appeal, Akridge contends that OCGA §§ 18-4-89 and 18-4-95 contain conflicting filing requirements. We disagree, because the two sections serve different purposes. OCGA § 18-4-89 provides an expedited procedure for a plaintiff to recover funds in an undisputed garnishment proceeding. OCGA § 18-4-95 sets forth requirements for a person seeking to make a claim to funds in a garnishment proceeding to become a party to that proceeding, and it imposes no 15-day time limitation. The latter, not the former, governed the period in which Silva was required to file a notice of his claim to the funds in the bank account.

"Garnishment is purely a statutory proceeding and will not be extended so as to reach money or property of the defendant not made subject thereto by statute."[10] Here, a dispute existed about whether the funds were properly subject to garnishment. Under these circumstances, where the state court had not yet distributed the funds to Akridge when the dispute was raised, we find no error in the court's decision to resolve the dispute rather than allowing an expedited distribution under OCGA § 18-4-89.

2. Akridge contends that Silva was not entitled to file a notice of claim and become a party to the garnishment proceeding under OCGA § 18-4-95. That Code section provides:

> At any time before judgment is entered on the garnishee's answer or money or other property subject to garnishment is distributed, any person may file a claim in writing under oath stating that he has a claim superior to that of the plaintiff to the money or other property in the hands of the garnishee subject to the process of garnishment; and the claimant shall be a party to all further proceedings upon the garnishment.

Akridge asserts that Silva's notice of claim was untimely under OCGA § 18-4-95 because the funds already had been "distributed," in that the state court had remitted them to the bankruptcy trustee

---

[9] OCGA § 18-4-95 is discussed in detail in Division 2, infra.

[10] *Hartsfield Co. v. Zakas Bakery*, 50 Ga. App. 284 (177 SE 825) (1934) (citation omitted).

for "safekeeping" pending the bankruptcy action. But nothing in the garnishment statutes or in authority interpreting those statutes suggests that a temporary "safekeeping" transfer of funds in a garnishment proceeding, subject to a future determination concerning their proper and final disbursement, constitutes a "distribution" of the funds. Akridge concedes that the garnishment statutes do not define "distribution"; he seeks instead to use the Georgia Business Corporation Code's definition of "distribution" as a "direct or indirect transfer of money or other property . . . by a corporation to or for the benefit of its shareholders in respect of any of its shares."[11] That definition is inapposite here. We decline to define a distribution in a garnishment proceeding to include a temporary transfer of the funds, when no ruling has been made as to either the funds' proper recipient or whether the funds are subject to garnishment at all.

Akridge also contends that Silva's notice of claim was untimely under OCGA § 18-4-95 because the bankruptcy court's March 3, 2005 order was a "judgment entered on the garnishee's answer." By its terms, however, the order addressed only Akridge's motion for relief from the automatic bankruptcy stay, and it contemplated a future "determination of the entitlement to those funds" referred to in the bank's answer.

Silva filed a notice of claim to the funds in writing and under oath.[12] He filed the notice of claim before a judgment was entered on the bank's answer and before the funds identified in the bank's answer were distributed in the garnishment proceeding. Accordingly, we find that Silva complied with the procedural requirements of OCGA § 18-4-95 that allowed him to become a party to the garnishment proceeding and therein assert a claim to the funds.

3. Akridge contends that Silva's claim to the funds is barred by the doctrine of res judicata. Under that doctrine, "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under rules of law might have been put in issue in the cause wherein the judgment was rendered."[13] But Akridge has not identified a judgment that would bar Silva's claim of interest in the funds. He points to an order of the bankruptcy court denying him relief from the automatic stay and directing the temporary remittance of the funds to the bankruptcy trustee, but by its terms the order was not a judgment on the entitlement of any party to the funds. Akridge also

---

[11] OCGA § 14-2-140 (6).

[12] Compare *Nat. Loan Investors v. Satran*, 231 Ga. App. 21-22 (497 SE2d 627) (1998) (parties that failed to file claims under oath did not meet procedural requirements of OCGA § 18-4-95).

[13] OCGA § 9-12-40.

points to the bankruptcy court's order holding that Silva was not entitled to distribution of the funds, but on reconsideration the bankruptcy court modified that order to allow the state court to determine the proper distribution. Accordingly, we find no merit in Akridge's assertion of res judicata.

4. Finally, Akridge contends that the state court erred in determining that the funds belonged to Silva, asserting that he had a higher-priority claim to the funds than Silva because he had a judgment against Nicotra and Silva did not.[14] But the issue before the court on Silva's motion was whether the funds were assets of Nicotra, subject to garnishment in satisfaction of a judgment against her. If the funds in the bank account did not belong to Nicotra, then Akridge had no right to obtain them through garnishment proceedings.[15] The question of ownership of the funds was one of fact for the state court, as factfinder, to decide.[16] Because the record on appeal lacks a transcript of the evidence presented to the state court on this issue, we must assume that the court was correct in its finding that Silva, and not Nicotra, owned the funds at issue, and that the court did not err in directing the return of the funds to Silva.[17]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED JULY 9, 2009.

*Downey & Cleveland, Sean L. Hynes, Dana H. Carroll*, for appellant.

*Lamberth, Cifelli, Stokes, Ellis & Nason, James C. Cifelli, Robert B. Campos*, for appellee.

---

[14] OCGA § 18-4-96, which Akridge cites in support of this contention, does not apply because the funds at issue are not "subject to the claims of *more than one* garnishment case." (Emphasis supplied.)

[15] See *C & S Nat. Bank v. Avco Financial Svcs.*, 129 Ga. App. 605, 608 (4) (200 SE2d 309) (1973) ("A garnishing plaintiff's position is no better than that of the debtor.") (citation and punctuation omitted).

[16] *Wachovia Bank &c. v. Unisys Finance Corp.*, 221 Ga. App. 471, 473 (1) (471 SE2d 554) (1996).

[17] *Jacobs v. Chatham County*, 295 Ga. App. 74, 77 (4) (670 SE2d 885) (2008).