Tony W. STRICKLAND, Plaintiff,

v.

Richard T. ALEXANDER, Clerk of Court of the State Court of Gwinnett County, Georgia, Defendant.

CIVIL ACTION NO. 1: 12-CV-02735-MHS

United States District Court, N.D. Georgia, Atlanta Division.

Signed November 9, 2015

Filed 11/10/2015

David A. Webster, David A. Webster, Attorney at Law, Donald Maurice Coleman, Jon Erik Heath, John Ross Bartholomew, IV, Atlanta Legal Aid Society, Inc., Atlanta, GA, for Plaintiff.

## ORDER

Marvin H. Shoob, Senior Judge, United States District Court, Northern District of Georgia

Before the Court is intervenor State of Georgia's motion to alter or amend judg-ment. For the following reasons, the motion is granted in part, denied as moot in part, and denied in part.

*Discussion* [1]

■ Citing additional authority that was not previously brought to the Court's attention, the State of Georgia asks the Court to alter or amend its Order and Judgment of September 8, 2015, to declare that Georgia law provides timely procedures for debtors to claim exemptions in post-judgment garnishment actions.[2] Specifically, the State contends that this additional authority establishes (1) that a debtor may assert an exemption claim under O.C.G.A. § 18–4–93, which provides for a hearing within ten days; (2) that the same ten-day hearing requirement also applies to an exemption claim filed pursuant to the generic claims procedure set out in O.C.G.A. § 18–4–95; and (3) that a debtor may also assert an exemption claim by filing a motion to dismiss under the Georgia Civil Practice Act, on which the court can order a hearing within ten days. The Court concludes that none of the cases cited by the State establishes that either the post-judgment garnishment statute or the Georgia Civil Practice Act provides timely procedures for adjudicating exemption claims. Therefore, the Court denies the State's motion.[3]

---

1. The relevant background facts and procedural history are set forth in detail in the Court's Order of September 8, 2015 [Doc. 105], at 2–14, and summarized in the Court's Order of October 5, 2015 [Doc. 114], at 1–3, and will not be repeated here.

2. Generally, a motion to alter or amend may not be used to raise arguments or cite authority that could and should have been presented before judgment was entered. *See Mincey v. Head,* 206 F.3d 1106, 1137 n. 69 (11th Cir. 2000) ("The function of a motion to alter or amend a judgment is not ... to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment.") (internal quotation marks omitted). In light of the public importance of this case, however, the Court will consider the additional authority cited by the State.

3. The State also asks the Court to amend its Order and Judgment to except from their coverage commercial garnishments, continuing wage garnishments, and child support garnishments. With respect to continuing wage garnishments and child support garnishments, in light of the Court's October 5,

## I. Assertion of Exemption Claims Under O.C.G.A. § 18–4–93

In its initial brief, the State argued that Mr. Strickland could have asserted his exemption claim using the traverse procedure set out in O.C.G.A. § 18–4–93, which provides for a hearing within ten days, and cited the Georgia Court of Appeals' decision in *Citizens Bank of Ashburn v. Shingler*, 173 Ga.App. 511, 326 S.E.2d 861 (1985), in support. The Court rejected this argument, pointing out that Section 18–4–93 expressly limits the grounds for filing a traverse to those set out in O.C.G.A. § 18–4–65, which does not include exemption-based challenges. Order of Sept. 8, 2015 [Doc. 105], at 43. The Court noted that *Shingler* did not address the issue of the appropriate procedure for asserting an exemption claim, and thus provided no authority for the State's interpretation of the statute, which was "contrary to its plain terms." *Id.*

In its motion to alter or amend, the State cites three additional cases, which it contends show that a debtor may assert an exemption claim by filing a traverse to the creditor's affidavit: the Georgia Supreme Court's decision in *Harp v. Winkles*, 255 Ga. 42, 335 S.E.2d 292 (1985); the Georgia Court of Appeals' decision in *Tate v. Burns*, 172 Ga.App. 688, 324 S.E.2d 485 (1984); and the district court's decision in *Landmark Capital Invs., Inc. v. Savannah Nephrology*, No. 4:11–cv–291, 2012 U.S. Dist. LEXIS 42886 (S.D.Ga. Mar. 28, 2012). None of these cases, however, supports the State's argument.

In *Harp*, the debtor filed a traverse to the creditor's affidavit asserting the emergency responder exemption under O.C.G.A. § 18–4–21. 255 Ga. at 43, 335 S.E.2d 292. The court's opinion focused solely on whether the exemption was applicable and constitutional. *Id.* No issue was raised as to whether a traverse to the creditor's affidavit was the appropriate procedure for raising an exemption claim, and the court did not analyze or even cite the post-judgment garnishment statute. Thus, *Harp*, like *Shingler*, provides no support for an interpretation of the statute that is contrary to its plain terms.

In *Tate*, the debtor did not assert an exemption claim at all. Instead, he filed a traverse asserting that the garnishment action violated his rights under O.C.G.A. § 9–11–62(a), which provides that no proceedings to enforce a judgment may be taken until the expiration of ten days after its entry. 172 Ga.App. at 688, 324 S.E.2d 485. Unlike an exemption claim, this is a matter in bar of the judgment, which is expressly recognized as one of the grounds on which a debtor may file a traverse. *See* O.C.G.A. § 18–4–65(a). Thus, *Tate* says nothing about the availability of the traverse procedure to assert an exemption.

Similarly, in *Landmark*, the debtor did not assert an exemption claim but instead filed a traverse alleging that the post-judgment garnishment statute was unconstitutional. 2012 U.S. Dist. LEXIS 42886, at *1. The court held that a traverse was the appropriate vehicle to raise such a constitutional challenge, but said nothing

---

2015, Order granting defendant's motion to alter or amend judgment and allowing such garnishment actions to proceed, the Court denies as moot this portion of the State's motion. As for commercial garnishments, plaintiff does not dispute that the Court's Order and Judgment should not apply to garnishment actions seeking to garnish the funds of corporate and institutional debtors, which do not have statutory exemptions, and plaintiff consents to an amendment excepting from the Order and Judgment garnishment actions seeking to garnish the funds of debtors that are limited liability companies ("LLCs"), corporations, or other non-individual institutions. Therefore, the Court grants this portion of the State's motion.

about the availability of the procedure to assert an exemption. *Id.*

## II. Application of Ten–Day Hearing Requirement to Exemption Claims Under O.C.G.A. § 18–4–95

In its initial brief, the State also argued that the generic claims procedure set out in O.C.G.A. § 18–4–95 provides a sufficiently expeditious process for resolving exemption claims. The Court rejected this argument, citing the Georgia Court of Appeals' decision in *Terrell v. Fuller,* 160 Ga.App. 56, 286 S.E.2d 50 (1981). In *Terrell,* the court held that to assert an exemption claim using this procedure, a debtor must first file a claim under Section 18–4–95 and then file a traverse of the garnishee's answer under O.C.G.A. § 18–4–86. 160 Ga.App. at 58, 286 S.E.2d 50. Because the garnishee is not permitted to file its answer until at least 30 days after being served with the summons of garnishment and may wait as long as 45 days before doing so, and because there is no statutory requirement that the court conduct an expedited hearing on an exemption claim under Section 18–4–95, nor any requirement that the garnished property be promptly returned if the exemption claim is ultimately upheld, the Court concluded that "[w]hatever the outer constitutional time limit may be to resolve exemption claims, the delay inherent in this procedure far exceeds it." Order of Sept. 8, 2015 [Doc. 105], at 45.

In its motion to alter or amend, the State argues that in *A.M. Buckler & Assocs., Inc. v. Sanders,* 305 Ga.App. 704, 700 S.E.2d 701 (2010), the Georgia Court of

Appeals abandoned the two-step process set out in *Terrell* and held that the ten-day hearing requirement of O.C.G.A. § 18–4–93 applies not only to a debtor's traverse of a creditor's affidavit but also to claims filed pursuant to O.C.G.A. § 18–4–95. The Court finds this argument without merit.

First, in *Buckler,* the claimant complied with the two-step process in *Terrell* by filing both a verified claim to the funds in the garnishment action and a traverse of the garnishee's answer.[4] 305 Ga.App. at 707, 700 S.E.2d 701. Nothing in the court's opinion suggests any disagreement with or abandonment of *Terrell.*

Second, the *Buckler* court did not hold that the ten-day hearing requirement for a traverse filed under Section 18–4–93 also applies to claims filed under Section 18–4–95. The State's argument rests entirely on the court's citation of Section 18–4–93 in support of its statement that "[i]f a defendant or other claimant files a traverse or adverse claim in a garnishment proceeding, the trial court must conduct an evidentiary hearing to determine the rights of the parties to the money or other property at issue." *Buckler,* 305 Ga.App. at 705, 700 S.E.2d 701 (citations omitted). The State, however, ignores the fact that, in addition to citing Section 18–4–93, which by its terms applies only to a traverse, the court also cited *Akridge v. Silva,* 298 Ga. App. 862, 681 S.E.2d 667 (2009), which involved a claim filed under Section 18–4–95. The only reasonable inference that can be drawn is that these two citations were intended to support the court's statement with respect to traverses and claims,

---

4. The court's opinion refers only to the filing of a "traverse," but the State suggests that the claimant filed a traverse to the creditor's affidavit, State's Br. in Support of Mot. to Alter or Amend J. [Doc. 110–1] at 12. The garnishment statute, however, authorizes only a defendant debtor to traverse the creditor's affidavit. O.C.G.A. §§ 18–4–65(a) & 18–4–93.

In *Buckler,* the claimant was not the defendant debtor but a third-party entity which asserted that it was the true owner of the garnished funds. 305 Ga.App. at 707, 700 S.E.2d 701. Such third-party claimants are only authorized to traverse the garnishee's answer. O.C.G.A. §§ 18–4–85 & 18–4–86.

respectively. There is no indication whatsoever that the court intended to rewrite the statute by grafting the ten-day hearing requirement of Section 18–4–93 onto the claims procedure set out in Section 18–4–.95.

### III. Motion to Dismiss Under Georgia Civil Practice Act

■ Finally, the State argues that a debtor has yet another option to assert an exemption claim in a garnishment proceeding, which it failed to mention in its initial brief. Citing the Georgia Court of Appeals' decision in *Birchfield v. Birchfield*, 165 Ga.App. 101, 299 S.E.2d 409 (1983), the State argues that debtors may assert an exemption claim by filing a motion to dismiss under the Georgia Civil Practice Act. In *Birchfield*, an ex-wife initiated a continuing garnishment action in a Georgia superior court seeking to recover on a default judgment for an arrearage of child support and alimony payments. 165 Ga. App. at 101, 299 S.E.2d 409. The garnishee was a military finance center based in Missouri from which the defendant, a resident of California, received payments of retirement benefits. *Id.* After the garnishee answered by paying certain sums into the registry of the trial court, the defendant moved to dismiss for lack of subject matter jurisdiction and lack of jurisdiction over his person and property. *Id.* The trial court granted the motion to dismiss for "lack of a res within the forum state that is subject to garnishment." *Id.* The court of appeals affirmed the dismissal on the grounds that the retirement benefits paid into court were exempt from garnishment under O.C.G.A. § 18–4–22, which exempts such funds from garnishment until they are in the hands of the member or beneficiary of the pension or retirement program. *Id.* at 102, 299 S.E.2d 409. Similarly, the State argues, Mr. Strickland could have moved to dismiss the garnishment action in the State Court of Gwinnett County on the grounds that the garnished funds were exempt workers' compensation benefits. There are two problems with this argument, however.

First, as plaintiff points out, the majority of garnishment actions in Georgia are filed in magistrate courts, and Georgia law provides, with certain exceptions not applicable here, that "proceedings in the magistrate court shall not be subject to ... the 'Georgia Civil Practice Act.'" O.C.G.A. § 15–10–42. Furthermore, even though the procedure in garnishment cases filed both in state court, as in this case, and in magistrate court "shall be subject to Chapter 4 of Title 18," O.C.G.A. §§ 15–7–44(b) & 15–10–49(b), that chapter provides that the Georgia Civil Practice Act shall apply "except as otherwise provided in this chapter." O.C.G.A. § 18–4–1(b). Arguably, the generic claims procedure set out in O.C.G.A. § 18–4–95 "otherwise provide[s]" a means to assert an exemption claim, as described in *Terrell*, and thus precludes a debtor from resorting to procedures available under the Georgia Civil Practice Act. In *Birchfield*, no issue was raised regarding the propriety of the procedure used; therefore, the court did not address this issue.

Second, even assuming an exemption claim could be raised by filing a motion to dismiss, this procedure lacks the promptness necessary to satisfy due process requirements. In *Birchfield*, the trial court granted the defendant's motion to dismiss based on its lack of jurisdiction over the funds paid into court, and the court of appeals upheld the dismissal because the funds paid into court were exempt from garnishment. It appears, therefore, that to utilize this procedure, the defendant debtor must wait until the garnishee has filed its answer and paid the funds into court before filing a motion to dismiss. As with the claims procedure under O.C.G.A.

§ 18–4–95, as described in *Terrell*, this means that the debtor must wait at least 30 and perhaps as long as 45 days before he can assert an exemption claim. *See* O.C.G.A. § 18–4–62(a). Furthermore, even after a motion to dismiss is filed, there is no requirement in the Georgia Civil Practice Act that the trial court grant a prompt hearing on the motion or that exempt funds be promptly returned to the debtor if an exemption claim is upheld. Absent any such requirement, this procedure cannot be said to provide the type of expedited adjudication that due process requires. *See Dionne v. Bouley*, 757 F.2d 1344, 1353 (1st Cir.1985) (available procedure inadequate to satisfy due process where it could not "be counted upon to produce an immediate hearing").

*Summary*

For the foregoing reasons, the Court GRANTS IN PART, DENIES AS MOOT IN PART, and DENIES IN PART intervenor State of Georgia's motion to alter or amend judgment [Doc. 110]. Specifically, the Court GRANTS the State's motion insofar as it seeks to alter or amend the Court's September 8, 2015, Order and Judgment to exempt commercial garnishments; DENIES AS MOOT the State's motion insofar as it seeks to alter or amend the Court's September 8, 2015, Order and Judgment to exempt continuing wage garnishments and child support garnishments; and DENIES the State's motion insofar as it seeks to alter or amend the Court's September 8, 2015, Order and Judgment to declare that Georgia law provides timely procedures for debtors to claim exemptions in post-judgment garnishment proceedings.

Accordingly, the Court's Order and Judgment of September 8, 2015, as previously amended by the Court's Order of October 5, 2015, are further AMENDED by adding the following concluding sentence: "This declaratory judgment and injunction also do not apply to garnishment actions seeking to garnish the funds of debtors that are LLCs, corporations, or other non-individual institutions."

IT IS SO ORDERED, this 9th day of November, 2015.

